512 A.2d 83

City of Pittsburgh, Appellant *v.* Equitable Gas Company, Appellee.

Argued June 10, 1986, before Judges MacPhail and Doyle, and Senior Judge Rogers, sitting as a panel of three.

*John George Shorall, II*, Assistant City Solicitor, with him, *D. R. Pellegrini*, City Solicitor, for appellant.

*Louis C. Long*, with him, *John E. Kunz*, Meyer, Darragh, Buckler, Bebenek & Eck, for appellee.

*Louise A. Knight*, with her, *Joseph J. Malatesta, Jr.*, Malatesta, Hawke, McKeon & Morris, for Amicus Curiae, Pennsylvania Gas Association.

OPINION BY SENIOR JUDGE ROGERS, July 8, 1986:

The question in this case is that of whether the City of Pittsburgh, which committed police and other relief measures to an emergency, may recover the costs of those services from the alleged tortfeasor, Equitable Gas Company (Equitable), which caused the accident.

In its complaint in "trespass/assumpsit" against Equitable, the city alleged that on January 24, 1984, an explosion occurred on one of Equitable's natural gas lines located on a city street and that the city expended

$1,185.70, in supplying police personnel to the explosion site.

Equitable filed a preliminary objection in the nature of a demurrer, contending that the city may not recover the cost of essential governmental services usually provided to taxpayers. The Court of Common Pleas of Allegheny County sustained the preliminary objection and dismissed the complaint. The city appeals.

Our review of the limited case law on the point leads us to conclude that the trial court correctly held that a municipal corporation may not recover as damages the costs of services the provision of which was an important reason for its creation and maintenance by the people. *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077 (D.C. Cir. 1984); *City of Flagstaff v. Atchison, Topeka & Santa Fe Railway Co.*, 719 F.2d 322 (9th Cir. 1983); *City of Bridgeton v. B.P. Oil, Inc.*, 146 N.J. Super. 169, 369 A.2d 49 (1976). The cost of public services for protection from a safety hazard is to be borne by the public as a whole, not assessed against a tortfeasor whose negligence creates the need for the service.

We are unaware of any Act of the General Assembly authorizing a municipality to recover the cost of providing emergency services and the city cites none. The city contends, however, that Section 603.02 of the Pittsburgh Code entitles it to recover its costs. The cited provision, one of several in a Chapter entitled Parades and Crowds, provides:

> Where the presence of uniformed or nonuniformed police officers at events attracting large crowds is deemed a necessary protection to the public by the Superintendent of Police, he shall have full authority to require the person or organization conducting such event to employ such number of uniformed or nonuniformed police officers as may be designated by him.

We agree with the common pleas court that an accidental explosion of a gas pipeline is not an event embraced within a provision authorizing the Superintendent of Police to require an "organization conducting [an] event" attracting large crowds to employ such numbers of police officers as the Superintendent shall designate.

The New Jersey court in *City of Bridgeton* describes the law as follows:

> Governments, to paraphrase the Declaration of Independence, have been instituted among men to do for the public good those things which the people agree are best left to the public sector. Since our country was founded there has devolved a widening horizon of public activity. True, certain activities have developed in areas from which revenue has been derived, such as turnpikes, water or power supply, or postal services. Nevertheless, there remains an area where the people as a whole absorb the cost of such services—for example, the prevention and detection of crime. No one expects the rendering of a bill (other than a tax bill) if a policeman apprehends a thief. The services of fire fighters are within this ambit and may not be billed as a public utility.

> For these reasons the city cannot be considered a proper plaintiff in attempting to recover damages from a party who used the services of its fire department.

> . . . .

> . . . The court . . . holds that a municipal corporation may not recover as damages the costs of its governmental operations which it was created to perform, but it is not to be denied a recovery for other losses by reason of its status

as a municipal corporation. Cost accounting must have a limiting factor somewhere, and that limit is reached when the function affected is a part of the act of government.

Thus, if the city were the owner of adjacent land damaged by escaping oil, it like all landowners, may recover damages caused by this escape. If cannot, however, recover costs incurred in fire prevention or extinguishment. That is the very purpose of government for which it was created.

146 N.J. Super. 169, , 369 A.2d 49, 54-55.
Order affirmed.

ORDER

AND NOW, this 8th day of July, 1986, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.