## CIRCUIT COURT OF FAIRFAX COUNTY

Board of Supervisors
of Fairfax County

v.

U.S. Home Corp. et al.

August 14, 1989

Case No. (Law) 85225

By JUDGE THOMAS J. MIDDLETON

The above-referenced matter is before the Court on the Demurrer of the defendant (U.S. Home Corporation) to Counts I-VII of the Motion for Judgment. It is the opinion of this Court that the Demurrer should be sustained for the reasons that follow.

Count I alleges negligence by U.S. Home in causing improper construction activity to occur near the gas pipeline easement located within the Singleton Grove subdivision. It is alleged that the improper construction activity caused the pipeline leak, the damage to nearby land and water supplies, and consequently, the incurrence of cleanup costs by the County of Fairfax.

Counts II-IV allege causes of action (negligence) against parties other than U.S. Home (*i.e.*, Colonial Pipeline, F. E. Gregory & Sons, and Keith Wayne Carpenter) and therefore will not be addressed. Count V alleges gross negligence for the same actions taken by U.S. Home in causing the gasline leak. Count VI alleges a cause of action in quasi-contract. Plaintiffs allege that because the Fairfax County Board of Supervisors took emergency measures in cleaning up the oil spill and abating further

damages caused by the Defendants that U.S. Home Corporation has been unjustly enriched. Lastly, Count VII alleges that the cost of abating this public nuisance is recoverable by the County.

U.S. Home Corporation has demurred to these counts on the basis that recovery for the cost of responding to an emergency is not recoverable by a municipal corporation.

It appears that Virginia has not addressed whether a municipal corporation may recover expenses incurred in responding to an emergency attributable to the negligence of a tortfeasor. However, case law from other jurisdictions indicates that:

> [A] municipal corporation may not recover as damages the costs of services, the provision of which was an important reason for its creation and maintenance by the people. *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077 (D.C. Cir. 1984); *City of Flagstaff v. Atchison, Topeka and Santa Fe Railroad Co.*, 719 F.2d 322 (9th Cir. 1983); *City of Bridgeton v. B.P. Oil, Inc.*, 146 N.J. Super. 169, 369 A.2d 491 (1976). The cost of public services for protection from a safety hazard is to be borne by the public as a whole, not assessed against a tortfeasor whose negligence creates the need for the service.

*City of Pittsburgh v. Equitable Gas Co.*, 512 A.2d 83, 84 (Pa. Comwlth. 1986).

A municipal corporation may, however, avoid this nonrecovery rule by statute, *e.g.*, *Town of Cherry Hill v. Conti Construction Co.*, 527 A.2d 921 (N.J. Super. A.D. 1987), or by alleging that the county utilized emergency services to protect property of its own, *e.g.*, *City of Pittsburgh v. Equitable Gas Co.*, 512 A.2d 83 (Pa. Cmwlth. 1986).

The County does not allege that any Virginia statute authorizes the board of supervisors of a county to bring an action to recover costs of emergency services. The Court is not unmindful that other agencies of the Commonwealth might have brought actions against these parties under color of state or federal law, *see, e.g.*, Chapter

3.2 of Title 44 of the Code of Virginia, § 44-146.18:1 (Virginia Disaster Funds disbursement; reimbursement) but have apparently chosen not to pursue such relief, nor has the County alleged that it utilized the emergency services to protect property of its own. In its Motion for Judgment, the County alleged only that gasoline had sprayed onto properties and rights of way owned by it; the County did not allege that it suffered any damages on account of this or that it incurred any costs on behalf of these properties. Without such allegations, this case is governed by the general rule that a municipal corporation may not recover expenses incurred in responding to an emergency attributable to the negligent conduct of a tort-feasor.

Furthermore, the case law of other jurisdictions indicates that this rule of nonrecovery for emergency services does not vary with the type of action claimed. The U.S. Court of Appeals for the Ninth Circuit has stated:

> [The] decision . . . does not turn on the underlying theory of the tort; for whether it be negligence or liability from ultrahazardous activities, the considerations . . . yield the same result. The question is not, moreover, one of proximate or legal cause . . . for it is the identity of the claimant and the nature of the cost that combine to deny recovery . . . .

*City of Flagstaff v. Atchison, Topeka and Santa Fe Railway*, 719 F.2d 322, 324 (9th Cir. 1983). Analogous Virginia case law suggests that the same rule applies in Virginia. *See*, *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 368 S.E.2d 268, 282 (1988). Plaintiff "may not recover damages for the negligent conduct alleged merely by characterizing the results of the conduct as a nuisance." *Id*. at 283.

Moreover, Virginia has specifically addressed the abatement of public nuisances by statute (Va. Code Section 48-5; Fairfax County Code § 46-1-4).

Section 48-5 of the Virginia Code provides:

> *Fine and costs; judgment of abatement.* -- Upon the trial of any such presentment, the person

or persons who have created, caused or permitted the continuation of such nuisance, if found guilty, shall be fined, in the discretion of the jury, not more than $5,000; and upon such verdict, the judgment of the court shall be for the amount of fine imposed and the costs of such proceeding, and also that such nuisance be forthwith removed and abated. (Code 1919, Section 1520).

Section 46-1-4 Fairfax County Code provides:

*Failure to abate a health or safety menace.*
(a) After receipt of the written notice, it is unlawful for the owner, occupant or other person responsible to fail to abate, correct or eliminate the health or safety menace within the time determined by the Director.
(b) If the written notice is undeliverable, or if after receipt of the written notice, the owner, occupant or other person responsible fails to abate, correct or eliminate the health or safety menace, the Director may request the Director of Public Works to take reasonable steps to abate, correct or eliminate the health or safety menace whether the land or premises are occupied or vacant. If the owner, occupant or other person responsible denies free access for such purposes, the Director may proceed after obtaining a warrant. Costs and expenses incurred by the Director in abating, correcting or eliminating a health or safety menace on private property shall be assessed against the owner and/or occupant of the land or premises and/or any other person responsible for the health or safety menace and shall be recoverable from the owner in the same way as taxes and levies. Costs and expenses incurred by the Director in abating, correcting or eliminating a health or safety menace on public property shall be recoverable from the person or persons responsible for causing the health or safety

menace. (6-7-61; 9-11-68; 1961 Code, §§ 15A-3, 15A-4; 3-10-71; 4-78-46; 39-88-46.)

Section 48-5 simply provides for the imposition of a $5,000 fine and that the nuisance be removed and abated; the statute does not explicitly provide for the recovery of emergency costs by the County. Section 46-1-4 of the Fairfax County Code is even more explicit when dealing with the abatement of nuisances and provides that only after notice to the person responsible for the nuisance may the Director of Public Works abate the nuisance and assess the cost against the person responsible for creating the nuisance. No notice is alleged to have been given to U.S. Home Corporation, hence, under the statute costs may not be assessed. Furthermore, the costs may only be assessed in the same manner as taxes and levies.

Based on the above rationale, it is this Court's opinion that regardless of whether the cause of action is one of negligence (Count I), gross negligence (Count V), quasi-contract (Count VI), or public nuisance (Count VII), the conclusion is the same in all instances. The general rule that a municipal corporation may not recover for emergency services rendered in situations caused by a private tortfeasor governs this case and bars recovery by the Fairfax Board of Supervisors. The services provided by the County in connection with the oil spill did fall within the normal realm of emergency services provided by the County. The plaintiff has not alleged that there is a particular statute providing for such recovery or that the County invoked the emergency services to protect property of its own, hence, it does not meet the exceptions noted.

Thus, the Fairfax County Board of Supervisors may not recover for the cost of its emergency services in this instance. The demurrer is sustained. The County will be granted ten days to file an amended motion for judgment for costs which it actually incurred in protecting its own properties.