91 N.J. Super. 159 (1966)
219 A.2d 439
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
MICHAEL ASHERMAN, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Criminal Division.
Decided April 25, 1966.
*160 Mr. Irwin R. Rein, for the State (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
Mr. Angelo R. Bianchi for defendant (Messrs. Lordi, Lordi & Bianchi; attorneys).
CAMARATA, J.C.C.
Defendant is under indictment charging him with the murder of Michael Garafola on April 9, 1965. The State has waived the death penalty.
On April 4, 1966 Assignment Judge Glickenhaus set the matter down for trial peremptorily on April 18, 1966.
Defendant's attorney, on his behalf and on behalf of Blue Beacon Restaurants Inc., a New Jersey corporation moved to quash the subpoena served on April 14, 1966 on
"Michael Asherman, President, and Mildred Asherman, Secretary Treasurer, Blue Beacon Restaurants, Inc., a New Jersey Corporation 21 Lincoln Park, Newark, N.J." *161 commanding them to produce on April 18, 1966
"the following property of the Blue Beacon Restaurants, Inc., 21 Lincoln Park, Newark, New Jersey: All records documents, reports, checks and check stubs payroll sheets & withholding statements, all pertaining to the employees of said corporation from September 1, 1964 to date."
It appears from defendant's testimony (April 18, 1966) that the Blue Beacon Restaurants Inc. (hereinafter referred to as corporation) is a duly incorporated corporation of the State of New Jersey having as its principal stockholders the defendant and his wife, Mildred. The only other stockholder is their daughter who holds one share.
Defendant urges that the court quash the subpoena because (1) compelling his family corporation to produce its records would violate his privilege against self-incrimination, (2) they are not relevant, and (3) the subpoena was not timely served.
The State contends it is necessary for it to examine these records to determine who were employees of the corporation at the time of the alleged murder; how long they worked for the corporation and whether they still are employees, to ascertain who was in the area at the time of the alleged murder, and perhaps to use all this information for impeachment purposes.
Only natural persons can resist the subpoena of private papers on the ground of self-incrimination. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 374, 50 L.Ed. 652 (1906). Even an individual cannot refuse to produce records which are in his custody on the plea that they might incriminate the owner or himself where the documents belong to a corporation or to a labor union. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, (1911); United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944).
I conclude that even where defendant is in effect the personal owner of the corporation, as in the instant case, the *162 records of the corporation are not considered his personal records and therefore can be used against him. Christianson v. United States, 226 F.2d 646 (C.A.N.D. 1955), certiorari denied 350 U.S. 994, 76 S.Ct. 543, 100 L.Ed. 859. For the general rule, see 98 C.J.S. Witnesses § 448 (1957).
The corporation and any employer is required to keep records of its employees under N.J.S.A. 34:11-54 which, among other statutes, indicates that those records are in effect public ones and subject to subpoena.
A corporation may challenge an order or subpoena for the production of its records if it is unreasonable or if it is too sweeping, Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 376, 50 L.Ed. 652, 76 (1906); if the information sought is not relevant to any lawful inquiry, Oklahoma Press Publ. Co. v. Walling, 327 U.S. 186, 208, 66 S.Ct. 494, 90 L.Ed. 614 (1946), or if it represents a fishing expedition in quest of evidence of a crime, Federal Trade Comm'r v. American Tobacco Co., 264 U.S. 298, 305-306, 44 S.Ct. 336, 68 L.Ed. 696 (1924).
The State's purposes in the instant case could be adequately served by the production of the payroll sheets indicating the corporation's employees. It is excessive to demand more of the corporation. State v. Cooper, 2 N.J. 540, 556 (1949); 79 C.J.S. Searches and Seizures § 36 (1952); 8 Wigmore, Evidence (McNaughton rev. 1961), § 2200.
I conclude that the payroll sheets are relevant and that the corporation is only required to produce its payroll sheets for the period from April 2 through April 16, 1965. In the event the corporation now has in its employ any employees for that period it is also to produce those payroll sheets.
The subpoena is modified and limited to the production of the aforesaid payroll sheets. State v. Cooper, supra, at p. 557; R.R. 3:5-10(c). The corporation is directed to forthwith produce and deliver the aforesaid payroll sheets to me so that they may be inspected by the prosecutor and copied by him. R.R. 3:5-10(c).
*163 While I conclude that the subpoena was timely served, the better practice in a homicide case where a subpoena duces tecum is to be served either by the State or the defendant, is that it be done at least three weeks before the date set for trial. This to afford the State the right to apply for leave to appeal in the event of an adverse order, and similarly the defendant, even though he could include this in the appeal in the event of a conviction.