## 52334. EUBANKS v. BROOKS.

MARSHALL, Judge.

This is an appeal from the judgment and order of the trial court holding Mrs. Eubanks in contempt for failure to obey a subpoena issued by the court to appear as a witness in a pending civil action. The court ordered Mrs. Eubanks to pay a fine or serve 10 days in the common jail. Mrs. Eubanks enumerates as error the contempt finding and punishment imposed.

The evidence at the contempt hearing discloses that the subpoena was served upon Mrs. Eubanks between 6:15 and 7:00 p.m. on February 18, 1976. She was commanded to appear in the Superior Court of Early County at 9:00 a.m. on February 19, 1976, some 14 to 15 hours later. The record further discloses that Mrs.

Eubanks' father believed the subpoena was invalid in that it had not been served at least 24 hours prior to the demanded appearance. After some fruitless efforts to ascertain his daughter's rights on that same evening, Mrs. Eubanks and her father went to the courthouse looking for one of the attorneys involved in the pertinent civil litigation. They arrived at about 8:30 a.m. on February 19. Upon determining from an attorney that the subpoena in his opinion was invalid, Mrs. Eubanks and her father left the courthouse at about 8:45 a.m. prior to the stated appearance time and without reporting to the court.

Ga. L. 1966, p. 502; 1968, pp. 434, 435; 1968, p. 1200 (Code Ann. § 38-801 (f)) provides: "Subpoenas may be enforced by attachment for contempt, and by fine not exceeding $300 and by imprisonment not exceeding 20 days. In all cases under this paragraph, the court shall consider whether under the circumstances of each case the subpoena was served within a reasonable time but in any event not less than 24 hours prior to the time that appearance thereunder was required. . ."

We can find no Georgia cases interpreting the implications of the 24 hour time requirement. However, as we read the above quoted provisions of the statute, it allows the trial court to consider the circumstances of each case in determining whether the period between service of the subpoena and the required appearance was sufficient. Apparently this contemplates the grant of time to the subpoenaed witness to seek personal or professional advice, application to quash the subpoena, review of files or other efforts to review the witness' recollection, putting personal affairs into order and a myriad of other reasons. In other words, the trial court may consider whether one or more days' notice is required. See State v. Asherman, 91 N. J. Super. 159 (219 A2d 439); State v. Zwillman, 112 N. J. Super. 6 (270 A2d 284); Robertson v. Southwestern Bell Tel. Co. (Texas Civil App.), 403 SW2d 459. But we are equally sure that the trial court cannot impose sanctions upon a witness who fails or refuses to appear in answer to a subpoena served less than 24 hours before the required appearance. That is the clear, unambiguous language of the statute. The trial court can extend the length of notice

where it believes preparation is required. The trial court cannot arbitrarily reduce the notice requirement below 24 hours. This is not to say that a subpoenaed witness may not waive the 24 hour notice requirement but we conclude that the right of waiver of the 24 hours requirement rests with the witness and may not arbitrarily be circumscribed by the trial court. Under the facts of this case, we conclude the subpoena as served did not comply with the statute requiring not less than 24 hours notice.

In order to subject a witness to the penalty of contempt he must have been legally summoned; hence, if the subpoena or the service thereof, was so defective or irregular as to impose upon the witness no duty to obey it, he cannot be punished for contempt. State v. Mills, 235 La. 479 (104 S2d 428); 97 CJS 399, Witnesses, § 27. See also Dickenson v. Kincaid, 30 Tenn. (11 Humphreys) Reports 72; Knott v. Smith, 34 Tenn. (Sneed) Reports 244.

The trial court in this case erred in considering the reasonableness of the period involved where service was made less than 24 hours before the required appearance. There being no evidence that Mrs. Eubanks submitted herself to the jurisdiction of the court, she did not waive the required period of notice. For these reasons the court erred in holding Mrs. Eubanks in contempt.

*Judgment reversed. Pannell, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 24, 1976.

*Smith, Geer, Brimberry & Kaplan, Peter Zack Geer,* for appellant.

*Bowles & Bowles, Jesse G. Bowles, III,* for appellee.