### 56520. LAKE v. HAMILTON BANK OF DALTON.

SHULMAN, Judge.

For his failure to answer questions at a deposition concerning his compliance with a subpoena for production of documents, appellant was held in contempt of court in December, 1977, and given an opportunity to purge himself of the contempt. Again in May, 1978, appellant was held in contempt for failing to obey a portion of the December 2, 1977, order compelling him to make discovery and for failing to respond to the subpoena involved in the earlier order. He was fined $500 and sentenced to 10 days in jail.

1. The return of service on the subpoena shows that it was left at appellant's home with his wife. Appellant asserts that such service was fatally defective. We agree.

A. In construing the service provisions of Code Ann. § 38-801 (c), the Supreme Court held as follows: "With respect to pleadings and other matters which must be served upon an adversary party, it has been uniformly held that it is immaterial that the party actually received the pleading or other matter where service was otherwise improper. [Cits.] No reason appears why the same rule should not apply with respect to service of subpoenas. In the instant case service of the subpoenas was not effected either by personal service or by certified mail, *the only two modes authorized by Code Ann. § 38-801 (c)." Heard v. Hopper,* 233 Ga. 617, 618 (212 SE2d 797). (Emphasis supplied.)

There is no provision in Code Ann. § 38-801 (c), as there is in Code Ann. § 81A-104 (d) (7), for substituted service by leaving the subpoena with a person other than the one to whom it is directed. We hold, therefore, that service of the subpoena on which the December, 1977, contempt order was based was so defective that appellant

was not subject to being ruled in contempt for disobedience of the subpoena. "In order to subject [one] to the penalty of contempt he must have been legally summoned; hence, if the subpoena *or the service thereof,* was so defective or irregular as to impose upon [one] no duty to obey it, he cannot be punished for contempt. [Cits.]" *Eubanks v. Brooks,* 139 Ga. App. 166, 168 (227 SE2d 923). (Emphasis supplied.)

B. Appellee's argument that appellant cannot now attack the December, 1977, order because he did not file a timely appeal therefrom is not well taken. No fine or imprisonment had been imposed. The matter was still pending in the trial court and was not appealable. *Harrell v. Peteet,* 134 Ga. App. 210 (214 SE2d 5).

C. In another attempt to support the validity of the subpoena, appellee's counsel asserts that appellant was *personally* served with the subpoena and admitted such service in a deposition. There is, however, no indication in the record sent from the trial court that such a deposition was ever filed with that court or was considered by the trial court on any issue. The alleged deposition is, therefore, not a part of the record and cannot be considered in support of appellee's argument. *Maloy v. Dixon,* 127 Ga. App. 151 (1) (193 SE2d 19).

2. The record shows that the citation for contempt which led to the May, 1978, order finding appellant in contempt for failure to make discovery was filed on the same day the order issued. There is no rule nisi attached to the pleadings and no showing of service on appellant.

"The trial judge erred in adjudging the contemner in contempt of court when the contemner had not been served with a rule nisi giving notice of both the charges against him and of his opportunity to be heard.

"Until the contemner was legally served with rule nisi, the court had no jurisdiction to enter any order in the case with respect to the contemner's alleged contumacious conduct..." *Crocker v. Crocker,* 132 Ga. App. 587, 591 (208 SE2d 602).

Appellee does not urge that appellant waived service of a rule nisi by voluntarily appearing and defending against the contempt proceedings. It follows from the holding in *Crocker* and the fact that the record here shows

no service of a rule nisi on appellant that the May, 1978, order holding appellant in contempt was void.

3. Because the judgment holding appellant in contempt is herein reversed, we deem it unnecessary to review appellant's complaint that the fine imposed exceeded the jurisdictional limits.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED DECEMBER 5, 1978.

*Paul S. Weiner,* for appellant.
*Katz, Paller & Land, John E. Robinson,* for appellee.