### 63366, 63471. CARTER et al. v. DATA GENERAL CORPORATION (two cases).

SOGNIER, Judge.

This is an appeal from an order of contempt entered against appellants for failure to comply with discovery.

Data General Corporation (Data General) filed a complaint in the State Court of Fulton County against David and Kitty Carter alleging fraud, interference with contractual relations, and conspiracy. The Carters were officers of two corporations, International Computer Group, Inc. (ICG) and Computer Systems International, Inc. (CSI), with whom Data General did business. The complaint was served on April 3, 1980.

On May 8, 1981, Data General served a Notice of Deposition and Request for Production of Documents on both defendants. The Carters failed to respond or object to Data General's Request for Production of Documents and on June 12, 1981 appellee filed a motion to compel discovery pursuant to Code Ann. § 81A-137. Appellants also failed to appear for scheduled depositions and a second motion to compel discovery was filed on June 16, 1981. After a hearing on the Motions to Compel on July 1, 1981, the trial court entered an order that the Carters produce all of the documents requested by Data General and that they submit to the taking of their depositions by July 10, 1981. The trial court also ordered payment of attorney fees and expenses for the bringing of the motions to compel discovery.

On July 10, 1981 appellants attempted to appeal the order compelling discovery by filing, pro se, a "Petition for Writ of Certiorari" to the Superior Court of Fulton County. Appellants also

filed affidavits of poverty, an answer to appellee's request for production of documents, and a motion for reconsideration of the trial court's order to compel discovery.

On July 14, 1981 Data General filed a motion for imposition of sanctions based on appellants' failure to comply with the trial court's order compelling discovery. Appellee prayed, inter alia, that the trial court find appellants in contempt of court until such time as they complied with the order compelling discovery. On July 20, 1981 appellee subpoenaed certain documents from appellants and deposed Kitty Carter.

After a hearing on appellee's motion for imposition of sanctions, the trial court entered an order on August 12, 1981 finding (1) that appellants' attempt to appeal the July 1, 1981 order compelling discovery was not a final order appealable without a certificate of immediate review; (2) that appellants' motion for reconsideration of the July 1, 1981 order was without merit and did not act as a supersedeas; and (3) that appellants had willfully failed to comply with the July 1, 1981 order compelling discovery. The trial court dismissed appellants' appeal, denied their motion for reconsideration and found appellants in willful contempt of court. The trial court also provided that appellants could purge themselves of contempt by producing the requested documents, paying appellee's costs and attorney fees, and submitting to further depositions. A hearing was set for August 24, 1981 to determine whether by that time appellants had purged themselves of contempt. The Carters appealed this order (Case No. 63366).

On September 2, 1981, an evidentiary hearing was held after which the trial court found that appellants had failed to purge themselves of contempt by complying with discovery and ordered that both appellants be incarcerated in the Fulton County Jail until such time as they complied with discovery. Appellants filed a notice of appeal of this order on September 2, 1981 (Case No. 63471). On September 3, 1981 Data General filed a motion for supersedeas bond which was granted and set at $250,000.

1. Data General filed a motion to dismiss the appeal of the order of contempt (Case No. 63366) on the ground that it was not a final order and that appellants failed to comply with Code Ann. § 6-701 (a).

The July 12, 1981 order found appellants in willful contempt of court but at the same time gave them an opportunity to purge themselves of the contempt. No fine nor imprisonment was imposed at that time. The matter was still pending before the trial court and, therefore, was not directly appealable. *Lake v. Hamilton Bank,* 148 Ga. App. 348 (251 SE2d 177) (1978). Appellants did not obtain a certificate of immediate review in accordance with Code Ann. § 6-701

(a). Nor did the award of attorney fees to appellee make the order final and appealable. *Scott v. Kelly,* 143 Ga. App. 729 (240 SE2d 144) (1977). Thus, the appeal in Case No. 63366 is dismissed. *Harrell v. Peteet,* 134 Ga. App. 210 (214 SE2d 5) (1975); *In re Crudup,* 149 Ga. App. 214 (253 SE2d 802) (1979).

2. The procedure for obtaining interlocutory review of an order in a case which is still pending in the trial court is provided in Code Ann. § 6-701 (a) 2. Once this procedure has been followed, the notice of appeal acts as a supersedeas just as it would if there were a final judgment in the case. Code Ann. § 6-701 (a) 2 (B); *Lawrence v. Whittle,* 146 Ga. App. 686 (247 SE2d 212) (1978). However, if the interlocutory review procedure has not been followed, the filing of a notice of appeal in the appellate court cannot act as a supersedeas since the appellate court does not acquire jurisdiction to hear the case. Jurisdiction remains in the trial court to take further action in the matter. *Cohran v. Carlin,* 160 Ga. App. 762 (288 SE2d 81) (1981).

In the instant case, the only appealable order was that entered by the trial court on September 2, 1981 finding that appellants had failed to purge themselves of contempt and ordering that they be incarcerated.

Appellants contend that the trial court erred in taking further action in the case while an appeal was pending on a prior order of the court. Appellants rely on *Berman v. Berman,* 231 Ga. 727 (204 SE2d 125) (1974) to support their argument that the appeal in Case No. 63366 acted as a supersedeas and deprived the trial court of jurisdiction to take further action in the case. *Berman* arose in 1974 prior to the effective date of the 1975 amendment to Code Ann. § 6-701 (a) 2, which established the present procedure for interlocutory review. The notice of appeal of an interlocutory decision of the trial court may be filed *after* obtaining a certificate of immediate review from the trial court and making application for review to the appellate court. After the correct procedure is followed, the notice of appeal acts as a supersedeas in the case. Since the correct procedure was not followed, the appeal attempted in Case No. 63366 was a nullity and did not deprive the trial court of jurisdiction to proceed with the case. *Cohran v. Carlin,* supra.

3. The Carters' appeal from the trial court's order of September 2, 1981 remains for us to decide (Case No. 63471). The trial court ordered that David and Kitty Carter be incarcerated in the Fulton County Jail until such time as they comply with the court's order compelling discovery. The trial court further ordered that if the Carters continually failed to comply with discovery, the court would consider striking their answer and counterclaim and entering default judgment. Appellants filed their notice of appeal the same day this

order was entered.

On September 3, 1981 Data General filed a motion for supersedeas bond in the amount of $250,000 which was granted by the trial court. On September 3, 1981 this court stayed the order of the trial court incarcerating appellants and granted supersedeas pursuant to our Rule 50 (c).

Appellants contend that the trial court abused its discretion in entering its order incarcerating appellants because the penalty was too harsh under the circumstances.

The trial court found appellants in willful contempt and ordered them incarcerated until they complied with the court's order. Under Code Ann. § 81A-137 (b) the trial court is authorized to find a party in contempt for willful failure to comply with the court's order compelling discovery. Appellants argue that since they partially complied with discovery, the imposition of the sanction of incarceration was too harsh. We agree that such a sanction is a harsh penalty to impose; however, it is clearly within the trial court's discretion. It is well settled that the decision of a judge on the question of contempt will not be disturbed by the appellate courts, except where such discretion has been grossly abused. *Yancey v. Mills,* 210 Ga. 684, 685 (82 SE2d 505) (1954). There was some evidence upon which the trial court made its findings of willful contempt, and it did not abuse its discretion in making such an order in regard to appellants' failure as was just, including an order of contempt. *McCane v. Cappett Corp.,* 151 Ga. App. 423 (260 SE2d 379) (1979). We stated recently in a case involving partial compliance with discovery that the trial court would be justified in imposing one or more of the sanctions available under Code Ann. § 81A-137 prior to the imposition of the ultimate sanction of striking appellants' pleadings and entering default judgment. *Thornton v. Burson,* 151 Ga. App. 456, 461 (260 SE2d 388) (1979). Thus, the trial court did not err in ordering appellants to jail for contempt.

4. Appellants contend that the trial court erred in imprisoning them for contempt of court for failing to pay attorney fees in violation of the procedures in Code Ann. § 24-105 (1). The trial court ordered appellants imprisoned for contempt for failure to comply with the trial court's order compelling discovery. Thus, appellants' enumeration of error is without merit.

5. Finally, appellants contend that the trial court erred in ordering them jailed because there was no continuing contempt. We find this contention totally without merit. Obviously, appellants' failure to comply with discovery was not a single act of contempt but rather a continuing violation of the trial court's order. Under such circumstances the trial court may enter a judgment that the parties

refusing to comply with his order be imprisoned until they comply. *Adkins v. Adkins,* 242 Ga. 248 (248 SE2d 646) (1978).

*Appeal dismissed in Case No. 63366. Judgment affirmed in Case No. 63471. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 4, 1982 —
REHEARING DENIED MAY 19, 1982.

*Rosemary P. Thomas,* for appellants.
*Frank W. Virgin, William H. Schroder, M. Shayla Keough,* for appellee.