## 45464. YINGSUM AU et al. v. THE STATE.
### (369 SE2d 905)

SMITH, Justice.

We granted the appellants' interlocutory appeal to consider whether Marietta City Ordinance (MCO) § 8-2013 is a valid basis upon which to conduct a regulatory search of commercial property.[1] The trial court denied the appellant's motion to suppress. We reverse.

The appellant, David Fatkee Chan, is the owner of a Marietta, Georgia restaurant which is open to the public until midnight. A Marietta city ordinance prohibits the sale and/or consumption of alcohol on licensed business premises between the hours of 2:55 a.m. and 6:00 a.m.

Shortly before 3:30 a.m., a Marietta police officer responding to an unrelated call noticed a large number of cars at the restaurant. After finishing the call, the officer returned to the restaurant around 4:00 a.m., to give the owner a warning about operating after hours. He did not initiate the process of obtaining a warrant, and there were no exigent circumstances that would have justified a search. *Johnson v. United States*, 333 U. S. 10, 15 (68 SC 367, 92 LE 436) (1948). No crime, disturbance, or emergency had been reported at the appellant's establishment nor was there any reason for the officer to suspect illegal activity.

The warrantless entry was made pursuant to MCO § 8-2013.[2] He was encountered by several people who tried to stall him. He continued his search and came upon the appellants and other persons playing dominos for money in a back room. The appellants were charged with gambling related offenses.

The State contends that the search satisfies the requirements of the "plain view" doctrine which authorizes a warrantless search. *Coolidge v. New Hampshire*, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971); *Mooney v. State*, 243 Ga. 373 (254 SE2d 337) (1979). The "plain view" doctrine comes into play only after the police are legally in a position to view the contraband. *Coolidge*, supra; *Phillips v. State*, 167 Ga. App. 260 (305 SE2d 918) (1983). The appellants made a motion to suppress the evidence gathered by the search arguing that

---

[1] The jurisdiction of this Court has been properly invoked. The issue before us concerns the constitutionality of a Marietta City Ordinance. The 1983 Constitution, Art. VI, Sec. VI, Par. II, expressly confers on this Court jurisdiction of all cases in which the constitutionality of an ordinance has been called into question.

[2] MCO § 8-2013: "Any establishment holding a license issued under this chapter shall at all times, during the period allowable by law for operation of the business, be open to inspection by any officer of the police department or any license inspector of the city or to any person designated by the chief of police or the city manager. In addition, if the premises are being used after hours by employees or the owners or their agents, the premises may be inspected at this time by the designated persons in this section."

MCO § 8-2013 is unconstitutionally broad and is not within itself sufficient to authorize the police to lawfully enter the premises without a search warrant.

"The Warrant clause of the Fourth Amendment protects commercial buildings as well as private homes." *Marshall v. Barlow's, Inc.*, 436 U. S. 307, 311 (98 SC 1816, 56 LE2d 305) (1978).

> The businessman, like the occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property. The businessman, too, has that right placed in jeopardy if the decision to enter and inspect for violation[s] of regulatory laws can be made and enforced by the inspector in the field without official authority evidenced by a warrant.

*See v. City of Seattle*, 387 U. S. 541, 543 (87 SC 1737, 18 LE2d 943) (1967).

Regulatory statutes and ordinances must meet the ultimate Fourth Amendment standard of reasonableness. *Camara v. Municipal Court*, 387 U. S. 523, 539 (87 SC 1727, 18 LE2d 930) (1967). MCO § 8-2013 fails to meet this standard because it permits discretionary searches after closing hours without a warrant and it does not provide a reasonable deterrence against forced entries.

MCO § 8-2013 draws a distinction between searches conducted during business hours and those searches conducted after hours. During operating hours, businesses *"shall at all times . . .* be open to inspection . . . [whereas] if the premises are being used after hours by employees or the owners or their agents, the premises *may be inspected."* (Emphasis supplied.) Thus, during business hours, the officer can enter the business as could any patron. Crucially, the entry was made, in this case, after the restaurant was closed to the public. After business hours, the police can enter and search the premises subject only to the officer's whim, and the owner has no right to refuse entry.

"The authority to make warrantless searches devolves almost unbridled discretion upon executive and administrative officers, particularly those in the field, as to when to search and whom to search." *Marshall*, supra at 323. Therefore, there must be some reasonable restraint against arbitrary or forcible warrantless entries. *Colonnade Catering Corp. v. United States*, 397 U. S. 72 (90 SC 774, 25 LE2d 60) (1970). The Marietta ordinance does not provide such reasonable deterrence. In fact, it does not offer any restraint. With this ordinance as authority, a governmental officer may enter a commercial premises at any hour without a search warrant and use force to enter over the objections of the owner. A reasonable deterrence against forcible en-

tries "reflects this Nation's traditions that are strongly opposed to using force without definite authority to break down doors." *Colonnade*, supra at 77.

We hold that the portion of MCO § 8-2013 which deals with searches of businesses after operating hours is unconstitutional.

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Weltner, J., who dissent, and Hunt, J., not participating.*

DECIDED JULY 13, 1988.

*Ralph W. Kearns, Jr.,* for appellants.
*Patrick H. Head, Solicitor,* for appellee.