## A00A0977, A00A2501. TORRES et al. v. PUTNAM COUNTY (two cases).
(541 SE2d 133)

ELLINGTON, Judge.

Putnam County filed suit against Dwight York, Victor Greig, Thomas Chism and other unnamed defendants, seeking compensatory and punitive damages as well as injunctive relief arising out of the defendants' use of certain real property located in unincorporated

Putnam County and allegedly owned by York.[1] The trial court entered an interlocutory injunction which, inter alia, authorized the building inspector to inspect the property. The trial court held Chism, Henry Torres and Claude Turner in contempt of that order for preventing the inspection. In Case No. A00A0977, Torres and Turner appeal the contempt order as provided by OCGA § 5-6-34 (a) (2).[2]

The county then filed a supplemented and amended complaint, adding Torres and Turner as named defendants along with other individuals and an entity called Tama-Re Enterprise. The county alleges that, for zoning purposes, the parcel was divided into two smaller parcels, one zoned for low density residential use and the other zoned for agricultural use. The county alleges the defendants, individually and in various combinations, constructed several buildings on the property and in those buildings operated a variety of commercial enterprises, ranging from entertainment and food service to limousine and taxicab service to stores selling clothes, jewelry, books and crafts. The county alleges that the buildings, as constructed and operated, and a dump on the property violated the applicable zoning ordinance and building and safety code. The county sought an injunction prohibiting the nonconforming use of the property, including any future construction. The county also sought "compensatory and punitive damages" against all defendants, jointly and severally.

Torres and Turner moved to dismiss the amended complaint on the basis that a county may not sue for tort damages. The trial court denied the motion to dismiss. Following our grant of their application for interlocutory appeal, Torres and Turner appeal in Case No. A00A2501, contending that the county's complaint failed to state a claim and particularly that the county may not sue its citizens for tort damages or for punitive damages.

We consolidate Case Nos. A00A0977 and A00A2501 because the appeals arise from the same proceeding. For the reasons which follow, we affirm the contempt citation and reverse the denial of the motion to dismiss.

### Case No. A00A0977

On March 10, 1999, the trial court granted a temporary restraining order enjoining the individual defendants and Tama-Re Enterprise from erecting any structure on the property or using the

---

[1] It is not clear from the record whether York continues to own the property.

[2] Chism did not appeal the contempt order. Torres and Turner directed their first appeal to the Supreme Court of Georgia. Finding that the appeal raised neither an equity issue nor a constitutional question, the Supreme Court of Georgia transferred the case to the Court of Appeals.

property other than for residential or agricultural purposes. After an evidentiary show cause hearing, the trial court entered an interlocutory order on April 13, 1999, continuing the injunction and modifying the terms to allow any construction project on the property for which the owner had a building permit. The order directed the county to issue any requested permit if the permit was complete and the requested construction conformed to the zoning ordinance. Further, the order authorized the building inspector to inspect the property and improvements during daylight hours for compliance with the zoning ordinance and provided: "[a]t his sole discretion, the building inspector may elect to be accompanied by the sheriff."

When the building inspector, accompanied by the sheriff and a deputy sheriff, attempted an inspection on April 20, 1999, Torres and Turner, acting as security guards on the property, denied the inspector access to the property. The county filed a motion for contempt against Torres, Turner and others. After a hearing, the court granted the motion as to Torres, Turner and Chism, ordered the men held in jail until the inspection was completed, and ordered them to pay $1,000 in attorney fees. According to the county, the inspection was completed, and the men were promptly released from jail; the appellants do not dispute this.

> The defenses to both civil and criminal contempt are that the order was not sufficiently definite and certain, was not violated, or that the violation was not wilful (e.g., inability to pay or comply). If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal. The question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion.

(Citations and punctuation omitted.) *G.I.R. Systems v. Lance*, 228 Ga. App. 329, 331 (4) (491 SE2d 530) (1997). On appeal, Torres and Turner contend the order was not sufficiently definite and certain in that "[i]t is not clear and was not clear at the time that the word 'sheriff' included 'deputy sheriff.' " This argument has no merit. It is commonly understood that a sheriff may appoint deputies to act as his agents and to assist in the performance of his duties. See OCGA §§ 15-16-10; 15-16-23; *Veit v. State*, 182 Ga. App. 753, 756 (2) (357 SE2d 113) (1987).

Furthermore, a review of the record, and particularly a videotape of the attempted inspection on April 20, 1999, persuades us that the contemnors' denial of access to the property did not result from

this supposed lack of specificity in the order. We find no abuse of discretion in the trial court's finding that Torres and Turner knowingly violated the court's April 13, 1999 order by preventing the inspection. *Anderson v. Dowd*, 268 Ga. 146, 148 (3) (485 SE2d 764) (1997).

Besides challenging the trial court's factual findings, Torres and Turner also contend the April 13, 1999 order was "transparently invalid" and therefore could not form the basis for a contempt action. Specifically, they contend the order directly contravened *Camara v. Municipal Court*, 387 U. S. 523 (87 SC 1727, 18 LE2d 930) (1967). In *Camara*, the United States Supreme Court held that a San Francisco housing ordinance which allowed building inspectors to enter any building to perform any of their duties violated the Fourth Amendment prohibition of warrantless searches. The Court found "[t]he practical effect of this system is to leave the occupant subject to the discretion of the official in the field." Id. at 532. *Camara* clearly has no application to this case where the authorization to inspect a specific property derived from an interlocutory injunction entered after a hearing, not from a generally applicable ordinance. Here, the landowner was not left "subject to the discretion" of the building inspector but, in having an opportunity to present evidence and to be heard, had even more protection than if the warrant procedure had been followed. Cf. *Yingsum Au v. State*, 258 Ga. 419 (369 SE2d 905) (1988) (holding unconstitutional a city ordinance which permitted discretionary warrantless searches of businesses after closing hours).

## Case No. A00A2501

Torres and Turner contend the trial court erred in denying their motion to dismiss the county's complaint on the basis that there is no authority for a county to sue its citizens in tort.

The county contends OCGA § 36-1-3 provides authority for it to sue in tort as follows: "[e]very county is a body corporate, with power to sue or be sued in any court." At the hearing on the motion to dismiss, the county conceded that it could not sue for personal injury such as defamation[3] but argued that, like any other property owner, it has the authority to sue for tortious injury to its personal or real property. For example, the county contends it could sue a negligent driver for damage to a county vehicle or sue an arsonist for intentional damage to county-owned real property. But in this case, the county has not alleged damage to any county-owned vehicle, building or other specific piece of property. As summarized by the county, the

---

[3] *Cox Enterprises v. Carroll City/County Hosp. Auth.*, 247 Ga. 39, 46 (273 SE2d 841) (1981) ("a governmental entity is absolutely barred from prosecuting a cause of action for libel").

complaint as amended alleged

> that many persons have banded together to commit unlawful acts. These acts include occupation of buildings without obtaining inspections or certificates of occupancy, zoning violations, building code, safety, and fire violations, operation of businesses in a residential zone, and the like.

It seeks compensatory damages for all the money the defendants' actions allegedly caused it to spend in "[s]ending the Building Inspector . . . [and] the Sheriff out" to the property.

Georgia law defines a tort as follows: "A tort is the unlawful violation of a private legal right other than a mere breach of contract, express or implied. A tort may also be the violation of a public duty if, as a result of the violation, some special damage accrues to the individual." OCGA § 51-1-1. In this case, the county alleges that the appellants have injured the county's property only by causing the county to spend money enforcing its laws and protecting its citizens. We find no authority for the position that such an expenditure of public funds in performing a public duty required by law implicates any private right. See *State Hwy. &c. Comm. v. Cobb*, 215 N.C. 556 (2 SE2d 565) (1939) (state had no cause of action against an escaped convict for the expenses of recapturing him).[4] The complaint as amended failed to state a cause of action in tort.

We specifically reject the county's argument that "our Supreme Court has clearly held that a county can recover money damages when it sues to enforce its zoning ordinance," citing *Smith v. Gwinnett County*, 268 Ga. 179, 181 (3) (486 SE2d 151) (1997) ("*Smith I*"), aff'd, 270 Ga. 424 (510 SE2d 525) (1999), aff'd, 271 Ga. 160 (516 SE2d 530) (1999). The *Smith* decisions do not stand for that proposition. In *Smith I*, the landowners entered a consent order in which they agreed to repair a dam and restore a lake disturbed by their construction and then wilfully violated the consent order. 268 Ga. at 180. The Supreme Court affirmed the order of the trial court which "directed the County to restore the lake to its original condition, repair the dam and buffers, and assess any and all reasonable costs against the defendants." (Punctuation omitted.) Id. In this case, the

---

[4] See also *City of Flagstaff v. Atchison &c. R. Co.*, 719 F2d 322, 323 (9th Cir. 1983) (city had no cause of action for the expenses of police and fire services against the railroad which caused a chemical spill); *County of San Luis Obispo v. Abalone Alliance*, 178 Cal. App.3d 848, 858-862 (1986) (county had no cause of action against protesters for costs incurred in its exercise of police power during a power plant blockade); *City of Pittsburgh v. Equitable Gas Co.*, 98 Pa. Commw. 523 (512 A2d 83, 84) (1986) (city had no cause of action for the costs of police and other relief measures against the utility company whose natural gas lines exploded).

trial court has not ordered the county to take action the enjoined parties refused to take, with expenses assessed against those parties. Therefore, the *Smith* decisions provide no authority for the county's pursuit of tort damages.

Finally, because the county has no legal basis to recover compensatory tort damages, it follows that it may not recover punitive damages. *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 270 (2) (416 SE2d 274) (1992). To the extent the county's amended complaint seeks recovery in tort, the trial court erred in denying the motion of Torres and Turner to dismiss the complaint.

We do not express an opinion as to whether the county is entitled to a permanent injunction or whether the complaint stated a cause of action under the Georgia Racketeer Influenced & Corrupt Organizations Act, OCGA § 16-14-1 et seq., as these issues were not properly before this court on appeal.

*Judgment affirmed in Case No. A00A0977. Judgment reversed in Case No. A00A2501. Andrews, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 25, 2000.

*Ralph S. Goldberg*, for appellants.
*Adams & Ford, Dorothy J. Adams, Francis N. Ford*, for appellee.