A00A1936. IN RE EARLE.
(545 SE2d 405)

ELLINGTON, Judge.

Myrlin Earle, an assistant district attorney for the Fulton County District Attorney's Office, appeals from the trial court's denial of his motion to dismiss an order of civil contempt. Having reviewed the entire record,[1] we find no error and affirm.

The record shows that on December 7, 1998, Judge Bensonetta Tipton Lane of the Fulton County Superior Court called for trial the case against Antonio Evans, which involved numerous violent offenses against three different victims.[2] Evans had been incarcer-

---

[1] This Court notes that the task of reviewing the record was made significantly more difficult due to Earle's consistent failure to support his allegations by citing to the record, in violation of Court of Appeals Rule 27 (a) (1) and (c) (3) (iii).

[2] Evans was indicted for murder, OCGA § 16-5-1 (a); two counts of felony murder,

ated for two years, and his was one of the oldest cases on the trial calendar. Judge Lane reminded Earle that he previously had been ordered to strike a jury for the case that day or to dead docket it. Even so, Earle asked for a continuance of the trial so that he could secure an allegedly crucial prosecution witness who was incarcerated in a federal prison in Leavenworth, Kansas. Judge Lane reminded Earle that he had announced "ready" at the call of the trial calendar a week earlier, although Earle claimed that the announcement of ready was dependent upon his ability to secure the witness.

A long discussion ensued, during which Judge Lane confirmed that Earle previously stated at a status conference that he had initiated steps to have the witness transported from Leavenworth, but it would take 20 days due to federal "red tape." Defense counsel then interjected that the witness was not in Leavenworth, but was instead incarcerated less than two hours away in Jesup, Georgia. Judge Lane ascertained that Earle had never confirmed the witness' location, did not complete any paperwork to secure the witness, and never interviewed this allegedly crucial prosecution witness. Judge Lane ordered Earle to dead docket Evans' case or proceed to trial immediately. Earle repeatedly refused to comply with the trial court's order. Judge Lane brought in a jury panel in order to begin the trial. In the jury's presence, however, Earle abruptly left the courtroom with his case files.

Shortly thereafter, Earle returned to the courtroom, accompanied by a supervisor from the district attorney's office. Judge Lane gave Earle an opportunity to explain why he should not be held in contempt of court. After allowing Earle to explain his conduct, Judge Lane found him in contempt and ordered him into custody. Judge Lane specifically found that Earle failed to make a legally sufficient effort to secure the witness, then intentionally misrepresented material facts regarding those efforts. She further ruled that Earle could purge himself of the contempt order only by trying or dead docketing the Evans case. This Court granted Earle's extraordinary motion for supersedeas bond pending appeal and released Earle from custody later that day.

Evans moved to sever his offenses for trial, claiming that the charges involved different victims and circumstances. On January 28, 1999, Judge Lane granted Evans' motion. The State, represented by another assistant district attorney, tried and convicted Evans on five of the eight indicted felony counts.

Earle moved to dismiss his contempt charge, and Senior Judge

---

OCGA § 16-5-1 (c); three counts of aggravated assault, OCGA § 16-5-21 (a); armed robbery, OCGA § 16-8-41; and possession of a firearm by a convicted felon, OCGA § 16-11-131.

L. A. McConnell conducted a hearing on the motion.[3] In a comprehensive order, Judge McConnell denied the motion, finding that Earle refused to comply with Judge Lane's order to proceed to trial or dead docket the case and "was blatantly evasive and untruthful in the process." As such, Judge McConnell found that there was "overwhelming evidence to justify" Earle's incarceration. Further, Judge McConnell found that "even a cursory perusal of the record reveals sufficient notice and dialogue between Judge Lane and Mr. Earle to conclude that all of Mr. Earle's rights were protected."

Judge McConnell also found that Earle failed to comply with Judge Lane's conditions for purging himself of the contempt order, because the fact that the State eventually tried Evans on five of eight counts did not satisfy the conditions.[4] Judge McConnell ordered Earle into custody for 20 days, ruling that he could purge himself of the contempt order by issuing a public apology to Judge Lane "wherein [Earle] acknowledges his misconduct," and by either dead docketing or trying the three remaining felony counts against Evans.

1. Earle contends on appeal that Judge McConnell abused his discretion in denying the motion to dismiss Judge Lane's contempt order. He claims that, since Evans was eventually prosecuted and convicted, he had complied with Judge Lane's order. Further, he asserts that he already apologized to Judge Lane.[5] We are unmoved by these arguments.

(a) The record clearly demonstrates that Earle was not prepared to go to trial on the Evans case, despite announcing ready;[6] he misrepresented his efforts to secure the incarcerated witness; he refused to comply with Judge Lane's direct orders to proceed with or dead docket the case; and he interfered with the court proceedings by abruptly abandoning the courtroom in the jurors' presence. A trial court's determination that a party has wilfully disobeyed its order will be affirmed if there is any evidence in the record to support it. *Torres v. Putnam County*, 246 Ga. App. 544, 546 (541 SE2d 133) (2000). "The question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion." Id.

---

[3] The record on appeal contains no transcript of the hearing.

[4] Judge McConnell noted that, unless he required Earle to comply with Judge Lane's instructions for purging the contempt order, Earle, "with complicity of others in the District Attorney's office [in trying Evans], would have defied and lied with impunity."

[5] The apology to which Earle refers in his brief was, in fact, an apology to Judge Lane from a *previous* incident during a status conference in which Earle "became angry and left the courtroom [and] announced to court staff that [he] would not return."

[6] Although Earle claims that he announced ready, subject to securing his witness, he refused to proceed with trial even after it was discovered that the witness might be local and available.

Contempt of court can be described as "disregard for or disobedience of the order or command of the court" and may also include "interruption of the proceedings." *In re Booker,* 195 Ga. App. 561, 564 (4) (394 SE2d 791) (1990). In this case, the record before this Court demonstrates that there was sufficient evidence to find Earle in contempt of court under either a civil (preponderance) or criminal (beyond a reasonable doubt) standard. See id.

(b) We also find that Judge McConnell did not abuse his discretion in refusing to dismiss Judge Lane's civil contempt order and in requiring Earle to try or dead docket the remaining charges against Evans in order to purge himself of Judge Lane's contempt order.

> When the trial court orders incarceration for an indefinite period until the performance of a specified act, the contempt is civil. . . . A trial court, however, may not continue incarceration for civil contempt when the respondent lacks the ability to purge himself. Imprisonment under civil sanctions is always conditional and a party found in contempt may apply for release at any time upon a showing of inability to [comply with the terms for release].

(Citations omitted.) *Hughes v. Dept. of Human Resources,* 269 Ga. 587 (1)-(2) (502 SE2d 233) (1998). See also *Ensley v. Ensley,* 239 Ga. 860, 861 (238 SE2d 920) (1977) (noting the difference between civil and criminal contempt). In this case, the record does not support Earle's contention that the three remaining felony counts against Evans have been dead docketed or that he is otherwise unable to try Evans on these counts. Compare *Hughes v. Dept. of Human Resources,* 269 Ga. at 587-588 (2) (incarcerated person's rights were violated when he was unable to purge himself due to impossibility). Therefore, there was no abuse of discretion.

2. Because Judge McConnell found that Earle failed to comply with Judge Lane's conditions for purging the contempt charge, he had a basis for ordering that Earle be incarcerated pursuant to Judge Lane's order. Accordingly, it is premature to decide whether Judge McConnell abused his discretion in ordering Earle to apologize to Judge Lane as an *additional* condition for purging the contempt order. We note, however, that there is nothing in the record to demonstrate that Earle has ever apologized to Judge Lane for the behavior at issue in this case, nor has he admitted to her that his refusal to comply with her orders or his courtroom misbehavior was contumacious or otherwise inappropriate. See footnote 5, supra.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 7, 2001 —
RECONSIDERATION DENIED MARCH 1, 2001 — 

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Lawson & Thornton, George O. Lawson, Jr.,* for appellant.