## A02A1075. DORSEY et al. v. ADAMS et al.
### (564 SE2d 847)

JOHNSON, Presiding Judge.

The trial court found DeKalb County in contempt for violating a settlement agreement, which had been adopted as the order of the court, to provide medical care to inmates at the county jail. DeKalb County appeals,[1] arguing that it cannot be held in contempt for duties which belong exclusively to the sheriff, that it was not afforded due process, and that there is insufficient evidence that it wilfully violated the settlement agreement. The arguments are without merit, and we therefore affirm the judgment of the trial court.

Inmates at the DeKalb County jail sued DeKalb County, the DeKalb sheriff and others, alleging inadequate medical care at the jail. On March 26, 2001, the parties entered into a settlement agreement and presented the agreement to the trial court. The court

---

[1] Sheriff Thomas Brown has also filed an appeal brief. But as both Sheriff Brown and the inmates note, the trial court did not hold the sheriff in contempt. Rather, the court held only the county in contempt. Because there was no finding of contempt against the sheriff, we will not consider his brief in this appeal from the contempt order against the county.

adopted the agreement as its judgment and ordered the parties to comply with the terms of the agreement.

Among other things, the agreement provides that when inmates arrive at the jail, they must be screened for contagious diseases, that inmates who enter the jail on medications for chronic illnesses shall be continued on such medications, that inmates will have access to emergency medical care, that medical request forms will be reviewed daily, that complete medical records must be maintained, and that medical grievances shall be responded to within ten days. The settlement further provides that DeKalb County is responsible for monitoring and enforcing compliance with all provisions of the agreement.

On May 4, 2001, attorneys for the inmates sent a letter to the county's attorneys claiming that DeKalb County was not yet complying with the settlement agreement. The letter notified the county that unless it immediately began meeting the terms of the agreement, the inmates would move for contempt of the court order requiring the parties to comply with the agreement.

Two and a half months later, Dr. Robert Greifinger, whom the parties had agreed to use as a consultant to assess the county's compliance with the settlement agreement, inspected medical conditions at the jail. On July 22, 2001, Dr. Greifinger issued his report finding that the county was not complying with the agreement. In the report, he cited numerous violations of the agreement, concluding that screening is inadequate, that inmates are not receiving adequate medical care, that there is no continuity of care or coordination with outside specialists, that medical records are incoherent, and that basic public health safeguards are being ignored. He found no improvement since he had visited the jail in September and October 2000, and no progress toward meeting the settlement agreement terms.

After Dr. Greifinger's report, the inmates moved to enforce the agreement and for contempt of court. DeKalb County and the other defendants responded to the motion. The trial court notified the parties that an evidentiary hearing on the motion would be held on November 7, 2001.

At the scheduled hearing, the court heard testimony from, among others, Dr. Greifinger. He testified that the county is not in compliance with the settlement agreement and that two inmates died due to poor care and poor oversight by the county. An inmate with human immuno-deficiency virus (HIV) died because he was denied medication for months, and another inmate died after his condition was misdiagnosed and a needed neurologic examination was not performed.

Dr. Greifinger further testified that there is a backlog of many months in medical records and mountains of unfiled material, that a

sample of new inmates showed no documentation of required tuberculosis and syphilis testing, that tuberculosis isolation rooms are not working, that diabetic inmates are at risk because they are not getting up-to-date care, that sick call was not being performed as required by the settlement, that grievances were not being timely responded to, and that many aspects of the settlement could not even be assessed due to inadequate records or documentation.

After the hearing, the court found DeKalb County to be in both civil and criminal contempt for failing to comply with the court order enforcing the terms of the settlement agreement. The court held that the county could purge the civil contempt by complying with various remedial sanctions. The court reserved ruling on punitive sanctions for the criminal contempt. The county appeals from the contempt order.

1. DeKalb County contends that although it is obligated to allocate funds to enable the sheriff to perform his duties, under Georgia law the ultimate obligation to maintain the county jail and furnish medical care to inmates belongs to the sheriff. And because it has allocated money to the sheriff to provide inmate medical care, the county reasons that it has met its obligation and cannot be held in contempt for failing to perform duties that fall exclusively to the sheriff.

DeKalb County is correct that the sheriff's statutory duties include maintaining the jail.[2] But the county's argument ignores the settlement agreement that it entered into and the court order requiring the county to abide by the agreement. That agreement, which was signed by the DeKalb County Attorney as the county's authorized representative, plainly provides: "DeKalb County shall be responsible for monitoring and enforcing compliance with all provisions of this Settlement and Release Agreement and for ensuring that adequate funding is appropriated to carry out the terms of this Settlement and Release Agreement." Thus, pursuant to the agreement, the county is responsible not only for funding medical care at the jail, but also for monitoring that care and ensuring that it meets the settlement terms.

Contrary to DeKalb County's argument, the court's finding that the county is in contempt is not somehow based on the sheriff's statutory duty to maintain the jail, but is properly based on the county's own violations of the terms of the settlement agreement, which has been adopted by the court. Contempt means disregard for or disobedience of a court order.[3] And the discretion of judges in matters per-

---

[2] See OCGA § 15-16-10; *Chaffin v. Calhoun*, 262 Ga. 202, 203 (415 SE2d 906) (1992).
[3] *In re Brant*, 230 Ga. App. 283, 284 (1) (496 SE2d 321) (1998).

taining to contempt of their authority will not be controlled unless grossly abused.[4] Because the trial court did not grossly abuse its discretion in finding the county in contempt for disobeying the terms of the settlement agreement, we affirm the contempt finding.

2. The county contends that it was not afforded due process because it did not receive notice that contempt would be an issue at the evidentiary hearing and because the judge was biased. We have reviewed the record and find no evidence that the judge was biased against the county.[5] And the county's lack of notice claim is disingenuous as it is apparent from the record that the county was on notice that contempt would be an issue at the hearing.

The motion filed by the inmates was plainly labeled as a motion for contempt, and the county filed a response to that motion. After the inmates amended their motion, the court issued notice to the parties setting the date for the evidentiary hearing on the motion. At the outset of the hearing, the judge told the parties that it was a contempt matter. The county did not object or claim that it did not know contempt would be an issue at the hearing. Instead, the county proceeded to defend itself at the evidentiary hearing on the matter of contempt, cross-examining witnesses for the inmates, presenting its own witnesses, and arguing its case.

Not only did the county fail to claim lack of notice before participating in the contempt hearing, but the record does not support such a claim since a party that voluntarily appears and defends against contempt proceedings need not be served with a rule nisi.[6] Because the county's due process claims of insufficient notice and bias are not supported by the record, we find no error.

3. The county claims there is no evidence it wilfully violated the settlement agreement. "If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal."[7] Having reviewed the evidence presented at the contempt hearing, including Dr. Greifinger's testimony about the county's noncompliance with the terms of the settlement, we find sufficient evidence to support the trial court's finding that DeKalb County wilfully disobeyed the court order that the parties must comply with the settlement agreement.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

---

[4] *R.R.R. Ltd. Partnership v. Recreational Svcs.*, 267 Ga. 757, 758 (3) (481 SE2d 225) (1997).

[5] See *Barnes v. State*, 269 Ga. 345, 348-349 (5) (496 SE2d 674) (1998).

[6] See *In re Brant*, supra at 285 (3).

[7] *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462 (1) (491 SE2d 60) (1997).

DECIDED MAY 3, 2002 —

*Elarbee, Thompson & Trapnell, Richard R. Gignilliat, Annette A. Idalski, Constangy, Brooks & Smith, Robert D. Ware, W. Wright Mitchell, William J. Linkous III,* for appellants.

*Milton D. Rowan, Tamara H. Serwer, Lisa L. Kung,* for appellees.