A03A0954. DEKALB COUNTY et al. v. ADAMS et al.
(585 SE2d 178)

PHIPPS, Judge.

The trial court found that DeKalb County and various county officials had failed to purge a finding that they were in contempt of an order of the court which incorporated a settlement agreement involving medical care at the county jail. The county and the individual officials appeal, arguing that the trial court cannot enforce the settlement agreement because it has now expired and that, in any event, they have made reasonable, good faith efforts to comply with its terms. We reject these arguments and affirm.

On March 26, 2001, DeKalb County jail inmates and DeKalb County entered into a settlement agreement that required the county to implement certain policies and procedures to improve the medical care provided to jail inmates. The agreement stated that Dr. Robert Greifinger would visit the jail regularly, at the county's expense, to monitor the county's compliance with the agreement. The agreement also provided that "[t]he term of this Settlement and Release Agreement shall be for eighteen months from the date of execution." In an order dated March 26, 2001, the trial court adopted the settlement agreement and ordered the parties to comply with it.

Three months later, the inmates moved the court to find the county in contempt, arguing that conditions at the jail had worsened, rather than improved. After a hearing, the court granted the motion

---

[12] See *Wardlaw v. Huff,* 259 Ga. 1, 2 (2) (376 SE2d 366) (1989).

and held the county in both civil and criminal contempt. The contempt order, dated November 30, 2001, set forth various conditions that the county must meet to purge itself of the civil contempt, including paying Dr. Greifinger to make bi-monthly inspections of the jail until he determined that the county was in substantial compliance with the terms of the settlement agreement on two consecutive inspections. With respect to the finding of criminal contempt, the order expressly reserved ruling on punitive sanctions. The county appealed, but we affirmed the contempt order in *Dorsey v. Adams*.[1] The Supreme Court denied the county's petition for certiorari, and the case was remitted to the trial court in August 2002.

On September 11, 2002, the county filed a motion to purge contempt. Two days later, the court held an evidentiary hearing, at which Dr. Greifinger testified that he had seen "tremendous improvement" in the medical care at the jail during his most recent inspection and that the sheriff was now "utilizing his best efforts in good faith" to enforce the terms of the settlement agreement. But Dr. Greifinger also testified that there remained "serious deficiencies" in medical care at the jail and that the county still was "not close" to complying with most of the conditions of the November 2001 contempt order.

After Dr. Greifinger testified, the court addressed the settlement agreement's expiration date. The county took the position that it would expire on September 26, 2002 — 18 months after its execution. The court postponed ruling on whether the county had purged itself of contempt, and on when the settlement agreement would expire, to allow the parties to brief those issues.

On October 9, 2002, the DeKalb County attorney sent Dr. Greifinger a letter stating that because the settlement agreement had expired, the county no longer needed — and would no longer pay for — Dr. Greifinger's monitoring visits to the jail. The inmates then filed another motion for contempt, arguing that the county's refusal to permit Dr. Greifinger's inspections was a "willful, intentional and blatant flouting" of the court's authority. After issuing a show cause order, the court held another hearing, at which the county contended that because the settlement agreement had expired on September 26, the court's power to coerce compliance with that agreement also had expired.

The court then issued an order dated November 1, 2002, finding that DeKalb County had not complied with the remedial measures set forth in the November 2001 contempt order and therefore had not purged itself of civil contempt. Rejecting the county's argument that

---

[1] 255 Ga. App. 257 (564 SE2d 847) (2002).

it now lacked power to enforce its November 2001 contempt order, the court directed the county and various individual county officials to use their "best efforts to . . . comply fully with all of the terms of the settlement agreement" and new remedial sanctions. Once again, the court reserved ruling on punitive sanctions for criminal contempt. The county and the individuals listed in the November 2002 order (collectively, the county) appeal.

1. As an initial matter, we address the inmates' argument that we lack jurisdiction to hear this appeal. The inmates claim that a contempt order giving the contemnor an opportunity to purge itself is not directly appealable. But under OCGA § 5-6-34 (a) (2), a direct appeal may be taken from an order holding one in contempt of court.[2] As the county points out, the cases cited by the inmates in which we held that appeal was premature did not involve evidentiary hearings to determine whether contempt had been purged and therefore are not factually analogous to this case.[3]

2. The county argues that the trial court improperly modified the terms of the parties' settlement agreement. Because the agreement was executed on March 26, 2001, the county argues that it expired on September 26, 2002. And, the argument continues, the court's November 2002 order directing the county to comply with the settlement agreement improperly extended the 18-month term of that agreement.[4]

The court's November 2002 order did not alter the terms of the settlement agreement. Rather, it found that the county had failed to purge a prior finding of contempt that was made during the 18-month term of the agreement. While the practical effect of the November 2002 order was to extend the life of the settlement agreement, that extension resulted solely and directly from the county's failure to purge itself of contempt within the remainder of the 18-month term. As the trial court put it, "[r]ather than purge, the county appealed." The responsibility for any delay associated with concluding the settlement agreement lies with the county.

The November 2002 order was simply the trial court's effort to enforce its earlier, lawful contempt order. The inherent power of courts to enforce their orders is grounded in both the constitution and the Official Code of this state.[5] The county argues that the

---

[2] See *Manning v. MNC Consumer Discount Co.*, 212 Ga. App. 824 (1) (442 SE2d 919) (1994).

[3] See, e.g., *Carter v. Data Gen. Corp.*, 162 Ga. App. 379, 380-381 (1) (291 SE2d 99) (1982); *Lake v. Hamilton Bank*, 148 Ga. App. 348, 349 (1) (B) (251 SE2d 177) (1978).

[4] See, e.g., *Boyett v. Wester*, 265 Ga. 387-388 (456 SE2d 504) (1995) ("This court has repeatedly held that the trial court has no authority in a contempt proceeding to modify the terms of a divorce decree" that was reached by consent of the parties.).

[5] See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV ("Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments."); OCGA § 15-

court's inherent power does not include the authority to enforce expired orders,[6] such as the March 26, 2001 order adopting the parties' settlement agreement. As persuasive authority, the county relies on the decision of the United States Court of Appeals for the Second Circuit in *EEOC v. Local 40, Intl. Assn. &c.*[7] That case, however, is inapposite.

In *EEOC v. Local 40*, the defendant union had entered into a consent decree in 1980 to settle a discrimination suit. The consent decree expressly provided a term of three years. In 1993, the EEOC moved for a court order holding the union in contempt of the decree. The federal district court granted the motion, but the Second Circuit Court of Appeals reversed, holding that the district court lacked inherent power to enforce a consent decree that had expired many years ago: "If we were to enforce this consent decree against Local 40 twelve years after its expiration, we would be depriving the union of the benefit of its bargain."[8]

In this case, the inmates moved for a finding of contempt before expiration of the settlement agreement — not a decade after it had expired, as in *EEOC v. Local 40*. When the trial court issued its November 2001 contempt order, nearly a year remained of the settlement agreement's term. To hold that the contempt order became unenforceable after the county "ran out the clock" on the settlement agreement without ever purging itself of contempt would deprive the inmates, not the county, of the benefit of their bargain. Although, as the county argues, the parties negotiated a finite term for the settlement agreement, they also contemplated that the county would comply with the agreement during that term. But the county did not comply, and it cannot now complain that the expiration of the term halts the court's lawful efforts to coerce compliance, particularly when those efforts began long before the agreement was due to expire.

3. The county also argues that the trial court erred by finding that the county had not purged itself of contempt because there was no evidence that it had wilfully failed to comply with the November 2001 contempt order. The county cites Dr. Greifinger's testimony that his most recent visit to the jail revealed "tremendous improvement" and that he believed the sheriff was now using his "best efforts in good faith" to comply with the terms of the settlement agreement.

---

1-3 (3) ("Every court has power . . . [t]o compel obedience to its judgments, orders, and process and to the orders of a judge out of court in an action or proceeding therein.").

[6] See *Mar-Pak Michigan, Inc. v. Pointer*, 226 Ga. 189 (173 SE2d 206) (1970) (party could not be held in contempt of temporary restraining order that had expired).

[7] 76 F3d 76 (2nd Cir. 1996).

[8] Id. at 81.

As the county points out, a court must find wilful disobedience of its order before holding a party in contempt.[9] But we find no authority for the proposition that, once contempt has been found and conditions of purge have been established, a party may extricate itself from contempt solely by making a "good faith" — though unsuccessful or incomplete — effort to comply with those conditions. In this case, Dr. Greifinger testified that while the county had made significant recent progress after our decision in *Dorsey v. Adams*, it still was "not close" to complying with most of the conditions of purge established by the November 2001 contempt order. The evidence did not show that the county and individual officers were "doing all they can" to comply with the trial court's directives or that the county was incapable of such compliance. Under these circumstances, the trial court did not abuse its discretion by finding that the county had not purged the contempt.[10]

4. The inmates' motion for penalties for frivolous appeal under Court of Appeals Rule 15 (b) is denied.

*Judgment affirmed. Ellington, J., concurs. Blackburn, P. J., concurs specially.*

BLACKBURN, Presiding Judge, concurring specially.

I fully concur with the analysis and judgment of the majority, except as to Division 4 of the opinion denying appellees' motion for penalties for frivolous appeal. I would grant such penalty in the amount of $1,000, as there is no reasonable basis for the appellants to believe that they could deprive the trial court of jurisdiction to enforce its contempt order by "running out the clock" on the settlement agreement. It is clear that appellants have used this appeal as part of their litigation strategy, rather than purging their contempt through compliance with the requirements established by the trial court.

DECIDED JULY 9, 2003 — ▮▮▮▮▮▮▮▮

*King & Spalding, Michael C. Russ, Benjamin W. Pope, Alan A. Stevens, Charles G. Hicks, Xernia L. Fortson, Eugene C. Reed, Jr.*, for appellants.

---

[9] *Griggers v. Bryant*, 239 Ga. 244, 246 (2) (236 SE2d 599) (1977) ("The basis for a contempt action is a 'wilful' refusal to comply with a judgment or order of the court. [Cits.]").

[10] See *In re Earle*, 248 Ga. App. 355, 358 (1) (b) (545 SE2d 405) (2001) (reviewing for abuse of discretion trial court's ruling that party had not met conditions of purge).

*Tamara H. Serwer, Milton D. Rowan, Lisa L. Kung*, for appellees.