56830. IN RE J. S. BOSWELL.

QUILLIAN, Presiding Judge.

Attorney John S. Boswell, Sr., was disbarred from the practice of law in Georgia on June 14, 1978. On July 24, 1978, he appeared in the Superior Court of Lowndes County as attorney for a defendant in a civil action. Judge Elliott refused to permit Mr. Boswell to represent the defendant and directed him "to furnish his client's

address to the clerk . . . before 5:00 P.M. on July 24, 1978, so that the clerk could notify the defendant herein of the pre-trial hearing. . ." Mr. Boswell failed to provide the defendant's address to the clerk at the time specified.

Mr. Boswell was ordered to show cause on August 3, 1978, as to why he had failed to comply with the court's order and why he should not be held in contempt. He failed to appear, was adjudged in contempt, and sentenced to be confined for five days and to pay a fine of $200. He brings this appeal. *Held:*

Constitutional courts of Georgia have inherent (*McGill v. State,* 209 Ga. 500 (2) (74 SE2d 78)) and legislative (Code Ann. § 24-105 (Code § 24-105)) authority to punish for contempt, any person in disobedience of its judgments, orders, and processes. *Gaston v. Shunk Plow Co.,* 161 Ga. 287 (3) (130 SE 580). Proper administration of justice by our courts demands they have the power to enforce obedience, by contempt proceedings if necessary. See 6 EGL 14, Contempt, § 12. The Code extends such jurisdiction to include "any person." Code Ann. § 24-105. Most certainly, if a court has the authority to hold any witness in contempt for failing or refusing to appear and testify on a relevant matter, a fortiori the power lies to enforce its order as to a matter in furtherance of the jurisdiction of the court to one representing himself to be counsel for a party before the court. See Code Ann. § 38-801 (Ga. L. 1966, p. 502; 1968, pp. 434, 435, 1200). The order was not unreasonable. It was in furtherance of the administration of the court and was neither illegal, null or void for any reason assigned. *Ramey v. Ramey,* 230 Ga. 542 (198 SE2d 175). Appellant's enumerated error is meritless.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

Submitted November 6, 1978 — Decided December 1, 1978 — Rehearing denied December 19, 1978.

*Robert L. Cork,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, L. Joseph Shaheen, Jr., Assistant*

*Attorney General,* for appellee.