## 69716. FARMER v. ARGENTA.

(331 SE2d 60)

BIRDSONG, Presiding Judge.

Suzanne Farmer brought this action as seller to enforce a real estate sales contract. The trial court granted summary judgment to Argenta, holding that the contract was unenforceable because the financing contingency clause was too vague and indefinite, and thereby lacking in mutuality, to be enforceable. On appeal, appellee Argenta concedes that the cases relied upon by the trial court in its ruling, *Potts v. Smith*, 134 Ga. App. 737 (215 SE2d 697) and *Scott v. Lewis*, 112 Ga. App. 195 (144 SE2d 460), and their rationale have been overruled by the Supreme Court in *Brack v. Brownlee*, 246 Ga. 818 (273 SE2d 390); and see *Tuggle v. Wilson*, 248 Ga. 335 (282 SE2d 110) and *Koets, Inc. v. Benveniste*, 169 Ga. App. 352 (312 SE2d 846), affirmed in *Benveniste v. Koets, Inc.*, 252 Ga. 520 (314 SE2d 912).

However, on appeal, Argenta advances another reason that the trial court's ruling should be affirmed. Argenta's pleadings and affidavit in support of his motion for summary judgment, which appellant Farmer did not controvert either by pleading or appearance, show that he first executed the form sales contract and when it was returned to him, signed by appellant, it contained some added special stipulations. One of these provided: "Buyer agrees to allow seller to remain in property rent free for 30 days after closing. Then 30 days after closing seller will pay buyer rent in the amount of the mortgage payment, taxes and insurance included if escrowed in an amount not to exceed $300.00 per month as long as necessary until seller finds another home." Argenta averred that a $500 check he had previously written for another sale that fell through, was deposited in escrow by the real estate agent, and he proceeded to attempt to obtain financing per the agreement.

However, he refused to comply with the lending body's demand that the house be painted prior to approval of the loan and later saw the appellant painting the house in the rain. Concerned about the potential damage caused by this, and by this time feeling that he was being forced to purchase the house under terms and conditions he did not want, he decided not to pursue the sale. Argenta alleges that the special stipulation quoted above amounts to the grant of a leasehold to the appellant which could potentially exceed her natural life, and which is inconsistent with and breaches the agreement to grant to him a warranty deed, renders appellant's performance in the sale of the land impossible, constitutes a failure of consideration, and seeks to compel him to take a defective title. The arguments are chiefly equitable and deal with the law involving title to land. See, e.g., *Horne v. Rodgers*, 113 Ga. 224, 228 (38 SE 768) and *Mrs. E. B. Smith Realty Co. v. Hubbard*, 130 Ga. App. 672, 675 (204 SE2d 366).

However, we find a plainer reason why this contract is unenforceable: the special stipulation is simply too indefinite and uncertain to enforce. This is not the same thing as the absence of mutuality which the Supreme Court refused to find in *Brack*, supra. In that case, the Supreme Court held the payment of an amount in escrow provided consideration for the sales agreement, so that "[m]utuality is not required where there is consideration other than mutual promises . . . ." *Brack*, supra, p. 819.

Although the two were equated in *Brack*, the defense of vagueness and indefiniteness is not necessarily the same as a lack of mutuality of obligation, the former being in this case mainly a question of interpretation and ascertaining intent of the parties (OCGA §§ 13-3-1; 13-3-2; *Cox Broadcasting Corp. v. Nat. Collegiate Athletic Assn.*, 250 Ga. 391, 395 (297 SE2d 733)), the latter having most often to do with consideration (OCGA § 13-3-40 et seq.; see *Brack*, supra). The Supreme Court in *Brack* addressed only the mutuality of the contingent financing clause and did not imply that all real estate sales contracts, however vague and indefinite in some material part, will be enforceable.

In this case, the mutuality of the contract is not in question, but part of it is so uncertain, indefinite and vague as to render the whole of it unenforceable. The contract provision that the seller would be allowed to remain in the house for rent not to exceed $300 per month "as long as necessary until seller finds new home," is uncertain by its terms. The test of an enforceable contract is whether it is expressed in language sufficiently plain and explicit to convey what the parties agreed upon. *Touche Ross & Co. v. DASD Corp.*, 162 Ga. App. 438 (292 SE2d 84). A promise, to be enforceable, must be sufficiently definite as to both time and subject matter. *Parks v. Atlanta News Agency*, 115 Ga. App. 842, 844 (156 SE2d 137). In this case the parties have agreed to give the seller a leasehold (see *Williams v. J. M. High Co.*, 200 Ga. 230, 235 (36 SE2d 667)) for an indefinite time, or a time determinable solely at the seller's pleasure or need. The absence of any provision determining the period of lease is an essential flaw, leaving the provision too indefinite to be enforced by the seller. See similarly *King v. State Farm Mut. Auto. Ins. Co.*, 117 Ga. App. 192, 194 (160 SE2d 230); *Dale's Shoe Store v. Dale*, 104 Ga. App. 371 (121 SE2d 695). See esp. *Grizzle v. Gaddis*, 75 Ga. 350 (2): "A parol contract by which it was agreed that, if a man and his family would take possession of certain land and cultivate and improve it, they should have it as their home during the lives of himself and wife, paying therefor a reasonable rent, and that if, at any time, after paying such rent from time to time, he should become able to purchase, the owner would convey to him a title for such price or sum as it was then worth, was too vague, uncertain and wanting in mutuality to furnish a

foundation for a decree for specific performance. . . ."

The unenforceability of this provision renders the entire contract unenforceable. If the contract is severable, the invalid provision does not render other provisions of the contract void, but a contract in the entirety is unenforceable if any part is void. *Horne v. Drachman*, 247 Ga. 802, 805 (280 SE2d 338); *Mims v. Gillis*, 19 Ga. App. 53 (90 SE 1035). " 'The issue of the severability of a contract is determined by the intention of the parties, as evidenced by the terms of the contract. . . . *Spalding County v. Chamberlin & Co.*, 130 Ga. 649, 654 (61 SE 533) (1908). *Dozier v. Shirley*, 240 Ga. 17, 18 (239 SE2d 343) (1977). " 'If it appears that the contract was to take the whole or none, then the contract would be entire. [Cit.]' " *Horne v. Drachman*, supra, pp. 805, 806. This real estate sales contract was entire; the special stipulation granting the seller an indefinite lease was so much a material part of her agreement to sell that it cannot be severed from the agreement to sell. Being unenforceable, the special stipulation therefore renders the entire contract unenforceable. *Horne v. Drachman*, supra.

The trial court did not err in granting summary judgment to the appellee Argenta, although it erred in its reasoning. "A judgment that is right for any reason cannot be reversed. *Sims T.V. v. Fireman's Fund Ins. Co.*, 108 Ga. App. 41, 43 (131 SE2d 790)." *Jernigan v. Collier*, 134 Ga. App. 137, 138 (213 SE2d 495), affirmed *Jernigan v. Collier*, 234 Ga. 837 (218 SE2d 556).

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MAY 1, 1985.

*Thomas L. Washburn III*, for appellant.
*Emory A. Schwall, Karl M. Terrell*, for appellee.