A98A1047. LA PETITE ACADEMY, INC. v. PRESCOTT et al.
A98A1869. LA PETITE ACADEMY, INC. v. O. M. ENTERPRISES
OF LOUISVILLE, INC. et al.
(506 SE2d 183)

BLACKBURN, Judge.

La Petite Academy, Inc. sued O. M. Enterprises of Louisville, Inc. and Georgia/Florida Children Today, Inc. for tortious interference with business relations.[1] The trial court granted summary judgment in favor of the defendants, and it also entered an award against La Petite for the defendants' attorney fees and costs pursuant to OCGA § 9-15-14. In separate appeals which have been consolidated herein, La Petite contends that both orders of the trial court were erroneous.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giv-

---

[1] Although La Petite brought the same claim, along with several others, against Jerry C. Prescott, Heritage Commercial Realty, Inc., and Heritage Commercial Ventures, Inc., La Petite entered into a settlement with such parties after filing this appeal and subsequently dismissed its claims against them.

ing rise to a triable issue." (Citation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

"To recover under a theory of tortious interference with business relations, [La Petite] must demonstrate financial injury and must show that [O. M. Enterprises and Children Today]: acted improperly and without privilege; acted purposely and with malice with intent to injure; and induced a third party or parties not to enter into or continue a business relationship with [La Petite]." (Punctuation omitted.) *Strahley v. Pruitt Corp.*, 231 Ga. App. 502, 506 (2) (498 SE2d 78) (1998). La Petite has not satisfied this burden.

La Petite is an organization which owns and operates child care centers throughout the United States, and the defendants are competitors of La Petite in this industry. In December 1994, La Petite fired its real estate broker, Jerry Prescott, with whom it had contracted to find property to house its centers. Subsequently, Prescott contracted with Children Today to provide similar brokerage services.[2] In September 1995, Prescott acted as an agent for Children Today in the latter's attempt to rent certain Florida property which, at that time, was rented by La Petite and coming up for renewal. This bid by Children Today ultimately failed, and La Petite renewed its rental agreement. After being terminated by La Petite, Prescott also wrote letters to a number of La Petite's lessors in which he offered to negotiate on the lessors' behalf against La Petite or find different competitors to lease the underlying properties. There is no evidence, however, that O. M. Enterprises or Children Today had any involvement with the drafting or transmittal of these letters.

Although La Petite contends that O. M. Enterprises and Children Today tortiously interfered with the renewal of one of its leases resulting in the restructuring of said lease to its financial detriment, La Petite has failed to cite any part of the record which supports its claim. The evidence cited by La Petite shows only that Children Today made a bid to lease certain property currently under lease by La Petite when said lease came up for renewal. David Anglewicz, executive vice president of La Petite, deposed that Children Today "tried to take [the lease] away from us. And we had an agreement with that landlord. And then we had to come up with a new agreement, which cost La Petite more money." However, Anglewicz further deposed that the renewal "agreement" was not final and remained subject to approval in La Petite's home office.

La Petite's evidence merely shows that Children Today made a bid on the property in the normal course of a competitive real estate

---

[2] Although the contract is dated January 5, 1994, the parties thereto testified that the date was merely a typographical error and that the contract was actually signed on January 5, 1995, after Prescott's relationship with La Petite had been terminated.

market. Moreover, La Petite ultimately did renew the lease in question, so La Petite's business relationship with its lessor was not discontinued. Accordingly, La Petite's claim for tortious interference with business relations cannot stand under *Lau's Corp.*, supra, and the trial court properly granted summary judgment in favor of O. M. Enterprises and Children Today.

2. La Petite also contends that the trial court erroneously granted O. M. Enterprises' and Children Today's motion for attorney fees pursuant to OCGA § 9-15-14 against La Petite.

"OCGA § 9-15-14 (a) provides that the trial court shall award reasonable and necessary attorney fees where the offending party's position lacked any justiciable issue of law or fact so that it could not be reasonably believed that a court would accept it. OCGA § 9-15-14 (b) provides that the trial court may assess attorney fees if the action brought or defended lacked substantial justification, was interposed for delay or harassment, or an attorney or party unnecessarily expanded the proceeding by other improper conduct. OCGA § 9-15-14 (a) provides for a mandatory award of attorney fees. The standard of review for this section is the 'any evidence' rule. OCGA § 9-15-14 (b) is discretionary[,] and the standard of review is abuse of discretion." (Punctuation omitted.) *C. A. Gaslowitz & Assoc. v. ZML Promenade*, 230 Ga. App. 405, 406 (496 SE2d 470) (1998).

The trial court entered two orders with regard to the award of attorney fees in this case: an original order on April 10, 1998, and an amended order on April 21, 1998. As La Petite filed its notice of appeal with this Court on April 20, 1998, the trial court was divested of its jurisdiction at the time that the second order was issued, and we do not consider it. *Deans v. Dain Mgmt.*, 201 Ga. App. 466, 468 (411 SE2d 354) (1991).

The trial court's original order in this case recites only that, "[a]fter consideration of argument of counsel, materials and pleadings on file, and the study of applicable law . . . [t]he court awards attorney's fees to the defendants . . . in the amount of $11,714.75." Such order fails to point out examples of La Petite's conduct which would support the award under the standards set forth under OCGA § 9-15-14 (e.g., La Petite pursued claims it could not reasonably believe that a court would accept, etc.). Without identifying the conduct giving rise to the award of attorney fees, "[t]his purported finding is entirely too vague and conclusory to permit any meaningful appellate review of the award of attorney fees and expenses of litigation under OCGA § 9-15-14 (a). Although the record in the case sub judice may reveal conduct authorizing an award in some amount, it is incumbent upon the trial court to specify that conduct." *Aycock v. Re/Max of Ga.*, 221 Ga. App. 587, 589-590 (2) (472 SE2d 137) (1996). Therefore, the "court's order awarding attorney fees must be vacated.

Upon remand the . . . court is directed to reconsider the award of attorney fees and expenses of litigation under OCGA § 9-15-14, enter appropriate findings of fact, and enter a new judgment from which the losing party may appeal." *Shimshi v. A. G. Spanos Dev.*, 228 Ga. App. 669, 670 (492 SE2d 531) (1997).

*Judgment affirmed in Case No. A98A1047. Judgment vacated and remanded with direction in Case No. A98A1869. McMurray, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 19, 1998.

*Warren R. Hinds*, for appellant.

*Paul D. Hermann, Thomas E. Lavender III*, for appellees (case no. A98A1047).

*Fellows, Johnson, Davis & La Briola, Henry D. Fellows, Jr., Shawn M. Willette*, for appellees (case no. A98A1869).