A03A1557. DEKALB COUNTY et al. v. ADAMS et al.

(587 SE2d 302)

PHIPPS, Judge.

This is the third appearance before this court of this case involving medical care provided to inmates at the DeKalb County Jail.[1]

---

[20] (Emphasis supplied.)

[21] 259 Ga. 153 (377 SE2d 847) (1989).

[22] Id. at 154 (1) (a).

[23] *Dietz v. Becker*, 209 Ga. App. 678, 679 (434 SE2d 103) (1993).

[1] See *DeKalb County v. Adams*, 262 Ga. App. 243 (585 SE2d 178) (2003); *Dorsey v. Adams*, 255 Ga. App. 257 (564 SE2d 847) (2002).

DeKalb County[2] appeals the trial court's award of attorney fees to the inmates under OCGA § 9-15-14 (b). Because the conduct identified by the court did not justify the fee award, we vacate and remand.

Our previous opinions in this case have detailed its history;[3] a brief summary will suffice here. In March 2001, the trial court adopted a settlement agreement between DeKalb County and various inmates of the county jail in which the county agreed to improve medical care at the jail. In November 2001, the trial court found the county to be in contempt of its March order and set forth various conditions the county must meet to purge itself of contempt. The county appealed that order; we affirmed it;[4] the Supreme Court denied certiorari; and the case was remitted to the trial court.

In October 2002, the inmates moved for "attachment of contempt," citing the county's continuing contempt of the March 2001 order and failure to meet the conditions of purge. The inmates also moved for an award of the attorney fees incurred in their efforts to have the county declared in contempt.

In November 2002, the trial court ruled that the county had not purged itself of contempt. The county again appealed, arguing that the settlement agreement had expired and that the court had no power to find that the county remained in contempt. We again affirmed the trial court,[5] and the county has again sought certiorari.

In February 2003, after holding a hearing, the court granted the inmates' motion for attorney fees. The court found

> that the county asserted positions and defenses in this action that lacked substantial justification. These include, but are not limited to, the position that the court's power to enforce the agreement expired even while the county remained in contempt. Specifically, the county contended the [settlement agreement] "expired in accordance with its terms 'eighteen months from the date of execution,' that is, on September 26, 2002." Under this logic, the court would be unable to employ its powers of contempt as long as the case remained on appeal. Then, by the time the county's appeals were exhausted, the court could not find the county in contempt because it was too late — the eighteen (18) months had run. Thus, the court could never enforce contempt against the county under the county's argument because the

---

[2] For convenience, we will refer to appellants collectively as "DeKalb County" or "the county."

[3] See *DeKalb County v. Adams*, supra; *Dorsey v. Adams*, supra.

[4] *Dorsey v. Adams*, supra.

[5] *DeKalb County v. Adams*, supra.

county continued to delay what must have appeared to be the inevitable. In light of the county's stringent efforts to avoid compliance without justification, the court finds the county interposed defenses and filed appeals, at least in part, for the purpose of delaying enforcement of the court's decision in this matter.[6]

The court awarded attorney fees to the inmates under OCGA § 9-15-14 (b) in the amount of $47,454, plus interest.

The county argues that the fee award was an abuse of the trial court's discretion. It does not challenge the amount of the fee award, but asserts that its actions did not lack substantial justification and were not interposed for the purpose of delay or harassment.

OCGA § 9-15-14 (b) permits a trial court to award attorney fees if it finds (1) that an attorney or party brought or defended an action, or part of an action, that lacked substantial justification; or (2) that the action, or part of it, was interposed for delay or harassment; or (3) that an attorney or party unnecessarily expanded the proceedings by other improper conduct.[7] The statute defines "lacked substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious."[8] "When a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made. [Cits.]"[9] We review an award of fees and costs under OCGA § 9-15-14 (b) for abuse of discretion.[10]

The court gave two reasons for its fee award. First, the court stated that the county asserted positions and defenses that lacked substantial justification. The court specified only one such position or defense — the county's argument that the court lacked authority to enforce its civil contempt order after the settlement agreement expired. Although we rejected this "expiration" argument in *DeKalb County v. Adams*,[11] it did not lack substantial justification. Because there was no controlling authority directly on point and because the county cited authority that arguably supported its position,[12] the

---

[6] (Citations omitted.)

[7] *Gibson v. Decatur Fed. Sav. &c. Assn.*, 235 Ga. App. 160, 163 (1) (b) (508 SE2d 788) (1998).

[8] OCGA § 9-15-14 (b).

[9] *McKemie v. City of Griffin*, 272 Ga. 843, 844-845 (4) (537 SE2d 66) (2000).

[10] *Greer v. Davis*, 244 Ga. App. 317, 320 (2) (534 SE2d 853) (2000).

[11] Supra, 262 Ga. App. at 245-246 (2).

[12] We note that the trial court's fee order mischaracterized the county's position. The county did not contend that the court "could never enforce" its prior contempt ruling after the expiration of the settlement agreement. Rather, the county argued that while the court could not coerce prospective compliance with an expired settlement agreement, it retained the authority to impose punitive sanctions for previous criminal contempt.

expiration argument was not substantially frivolous, substantially groundless, or substantially vexatious.[13] Thus, the county's assertion of the expiration argument cannot, by itself, support the fee award.

The trial court suggested that the county had made other baseless arguments, but it did not identify them. The court's failure to specify other baseless arguments precludes meaningful appellate review of the award.[14] Therefore, we cannot affirm the award based on the court's generalized reference to unidentified "positions and defenses . . . that lacked substantial justification."

Second, the court wrote that the county employed "stringent efforts to avoid compliance without justification" and "interposed defenses and filed appeals, at least in part, for the purpose of delaying enforcement of the court's decision in this matter." OCGA § 9-15-14 (b) does not authorize an award of attorney fees based on a party's improper conduct in bringing appeals to this court.[15] Thus, the trial court's reference to the county's appeals does not support its fee award. And although the court intimated that the county took other actions that delayed enforcement of its orders, it did not identify those actions. Without such identification, we cannot affirm the fee award.

Accordingly, we vacate the court's order awarding attorney fees. On remand, the court is directed to reconsider the grant of attorney fees under OCGA § 9-15-14 (b) and "to make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it."[16]

*Judgment vacated and case remanded with direction. Andrews, P. J., Ruffin, P. J., Miller and Ellington, JJ., concur. Smith, C. J., and Blackburn, P. J., dissent.*

BLACKBURN, Presiding Judge, dissenting.

Because I believe that DeKalb County's conduct, as identified in the trial court's order, justified an award of attorney fees, I must respectfully dissent. In a special concurrence in *DeKalb County v. Adams*,[17] I took exception with the majority's denial of the inmates' motion for penalties for frivolous appeal, stating that I would grant

---

[13] See *Ellis v. Johnson*, 263 Ga. 514, 517 (2) (435 SE2d 923) (1993).

[14] See *La Petite Academy v. Prescott*, 234 Ga. App. 32, 34 (2) (506 SE2d 183) (1998).

[15] See *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723, 728 (5) (409 SE2d 281) (1991) ("Implicit in the language of OCGA § 9-15-14 is that a court of record of this state may impose reasonable and necessary attorney fees and expenses of litigation for proceedings before *that court*, which were brought for purposes of harassment or delay or lacked substantial justification."), overruled on other grounds, *White v. Fulton County*, 264 Ga. 393, 394 (1) (444 SE2d 734) (1994).

[16] *McKemie v. City of Griffin*, supra, 272 Ga. at 845.

[17] *DeKalb County v. Adams*, 262 Ga. App. 243, 247 (585 SE2d 178) (2003).

the motion for penalties "as there is no reasonable basis for [DeKalb County] to believe that they could deprive the trial court of jurisdiction to enforce its contempt order by 'running out the clock' on the settlement agreement." In short, I believed that DeKalb County had no substantial legal justification for its position, but instead appealed in order to delay proceedings until the term of the settlement agreement expired.

We review an award of fees and costs under OCGA § 9-15-14 (b) for an abuse of discretion. As the majority points out, OCGA § 9-15-14 (b) allows a trial court to assess attorney fees if it finds either that a party brought an action that lacked substantial justification, or that the action was interposed for delay or harassment. In this case, the trial judge found, as I did in my special concurrence, that both conditions applied.

First, and contrary to the majority's holding, the county's argument that the trial court lost authority to enforce its civil contempt order after the settlement agreement expired lacks substantial justification. The legal issue in this case was whether the trial court had authority to enforce its contempt order. The county, however, argued that the trial court, in imposing conditions with which the county had to comply in order to purge itself of contempt, improperly modified the terms of the settlement agreement. This Court had no difficulty whatsoever, in *DeKalb County v. Adams*, supra, in rejecting that argument and concluding that "[t]he court's November 2002 order did not alter the terms of the settlement agreement. Rather, it found that the county had failed to purge a prior finding of contempt that was made during the 18-month term of the agreement." Id. at 245 (2). To put it another way, the trial court's order had no effect at all on the settlement agreement; thus, the county's argument was irrelevant, misleading, and groundless, a red herring meant to distract this Court from the central legal issue in the appeal.

In finding that the county's argument was not completely without merit, the majority asserts that there is no controlling authority directly on point. I disagree. There is abundant controlling authority governing the legal issue in this case, i.e., whether a trial court has the power to compel obedience to its orders. See, e.g., OCGA § 15-1-3; *In re Boswell*;[18] *Carey Canada, Inc. v. Hinely*;[19] *Hopkins v. Hopkins*.[20] That authority emphatically holds that a trial court does have that power. Further, while the county did in fact cite authority that "arguably supported its position" that a trial judge in a contempt proceeding has no authority to modify the terms of a consent decree,

---

[18] *In re Boswell*, 148 Ga. App. 519, 520 (251 SE2d 596) (1978).
[19] *Carey Canada, Inc. v. Hinely*, 181 Ga. App. 364, 370 (352 SE2d 398) (1986).
[20] *Hopkins v. Hopkins*, 244 Ga. 66 (257 SE2d 900) (1979).

that fact is beside the point since the court did not alter the terms in the first place and the authority of a trial court to modify a consent decree was not at issue in this case. A party can cite volumes of authority supporting positions which are not at issue in a case, but doing so will not preclude a determination that those positions lack substantial justification.

By itself, the finding that the county's action lacked substantial justification would have authorized the award of attorney fees, but, the trial court also found that the county filed its action for the purpose of delaying compliance with the settlement agreement. We cannot say that the trial court abused its discretion in so finding.

Rather than seeking to comply with the civil purge conditions of the trial court's order, the county embarked on a course of appeal to this Court. On October 8, 2002, three weeks after the hearing at which Dr. Greifinger testified concerning the extent of the county's compliance with the purge provision, the county attorney informed Dr. Greifinger that his role as consultant and monitor had run its course and he was no longer needed. The county attorney's conclusion was based on the county's legal argument that the settlement agreement, by its express terms, expired on September 26, 2002. The logic of the county is clear. As the trial court observed,

> [u]nder this logic, the court would be unable to employ its powers of contempt as long as the case remained on appeal. Then, by the time the county's appeals were exhausted, the court could not find the county in contempt because it was too late — the eighteen (18) months had run. Thus, the court could never enforce contempt against the county under the county's argument because the county continued to delay what must have appeared to be the inevitable. In light of the county's stringent efforts to avoid compliance without justification, the court finds the county interposed defenses and filed appeals, at least in part, for the purpose of delaying enforcement of the court's decision in this matter.

Given the facts and the trial court's long supervision of and acquaintance with this case, it is clear that the trial court did not abuse its discretion in so holding. That holding, alone, also justified an award of attorney fees. In the face of the trial court's holdings that the county's action lacked substantial justification and that it was interposed for the purpose of delay, and in light of the standard of review which we must apply to those holdings, the trial court's decision should be affirmed.

I am authorized to state that Chief Judge Smith joins in this dissent.

DECIDED SEPTEMBER 12, 2003.

*Constangy, Brooks & Smith, Robert D. Ware, Wade W. Mitchell, King & Spalding, Michael C. Russ, Charles G. Hicks, William J. Linkous III*, for appellants.

*Tamara H. Serwer*, for appellees.