## A03A2234. MacDONALD v. HARRIS.
(593 SE2d 32)

PHIPPS, Judge.

David MacDonald sued Willie Carl Harris for specific performance of a real estate sales contract, identifying MacDonald as the purchaser and Harris and his sister Jo Ann Whipple as the sellers. Harris filed an untimely answer to the complaint and a counterclaim for libel of title. In his defense, Harris submitted uncontroverted evidence showing that Whipple forged his signature on the contract. For this reason, the trial court awarded summary judgment to Harris on MacDonald's complaint but denied summary judgment to MacDonald on Harris's counterclaim.

MacDonald appeals, contending that the court abused its discretion in allowing Harris to open his default and that there are material issues of fact on the question of whether Harris ratified the contract. MacDonald also argues that he was entitled to summary judgment on Harris's counterclaim. Finding that Harris was entitled to summary judgment on MacDonald's complaint but that MacDonald was entitled to summary judgment on Harris's counterclaim, we affirm in part and reverse in part.

Whipple and Harris jointly held title to a tract of land in Fulton County. MacDonald entered into a contract to purchase this tract. The contract bears signatures of MacDonald, Whipple, and Harris. It is undisputed that although the signatures of Whipple and MacDonald are genuine, Harris's name was signed by Whipple without his knowledge or consent.

Over six months after MacDonald filed suit, service was perfected on Harris through substituted service on a woman with whom he resided. Forty-two days after he was served, Harris filed an answer and defenses, as well as a counterclaim seeking damages against MacDonald for having created a cloud on his title to the property by filing a notice of lis pendens; but he failed to pay court costs. Several months later, MacDonald moved to strike Harris's untimely answer and enter a default judgment. Following an unreported hearing, Harris moved to open his default. And the court granted Harris's motion. On cross-motions for summary judgment, the court subsequently awarded summary judgment to Harris and denied summary judgment to MacDonald.

1. MacDonald first charges the trial court with an abuse of discretion in opening Harris's default.

Under OCGA § 9-11-55 (a), a case automatically goes into default if an answer has not been filed within 30 days, unless the time for filing has been extended as provided by law; however, a defendant is entitled to open a default as a matter of right if an

answer is filed within 45 days of service and the defendant pays court costs.[1] OCGA § 9-11-55 (b) provides:

> At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.[2]

Consequently, "[a]t a minimum, opening default requires proof of a providential cause which prevented the filing of the required pleadings, or excusable neglect, or a proper case."[3] Although it has been held that a legal excuse for nonappearance is an implicit requirement for opening default,[4] it has also been recognized that the purpose of the "proper case" ground "is to permit the reaching out in every conceivable case where injustice might result if the default were not opened."[5] In any event, in deciding whether to open a default, "[a] judge is always required to exercise a legal discretion, and in order to do that, some facts must be proven before him which warrant the exercise of legal discretion."[6]

MacDonald contends that the trial court abused its discretion in allowing Harris to open his default, because in his supporting affidavit Harris gave no reason why he had been late in filing his answer. Harris, however, argues that at the hearing below, he offered an adequate explanation for the delay. Since the hearing was unreported, we must assume that the court properly exercised its judgment and discretion in granting Harris's motion.[7]

2. MacDonald contends that the trial court erred in granting Harris's motion for summary judgment because Harris ratified the contract in his deposition testimony.

---

[1] *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 667 (1) (476 SE2d 43) (1996).

[2] See, e.g., *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345, 346 (1) (398 SE2d 297) (1990).

[3] (Citation and footnote omitted.) *Sidwell v. Sidwell*, 237 Ga. App. 716, 718 (1) (515 SE2d 634) (1999).

[4] Id.

[5] (Citation and punctuation omitted.) *In the Matter of Turk*, 267 Ga. 30, 31 (1) (471 SE2d 842) (1996).

[6] (Emphasis omitted.) *Johnson v. Durrence*, 136 Ga. App. 439, 440 (221 SE2d 652) (1975).

[7] *State v. Frazier*, 141 Ga. App. 501, 502 (233 SE2d 868) (1977).

In his deposition, Harris testified that the property really belonged to his sister and that he was named as a grantee in the warranty deed only because she was having health problems when she acquired the property and wanted to avoid probate if she died intestate. Harris further testified that if his sister had told him she was selling the property to MacDonald, he would have consented as he really did not feel as though he had standing to object. MacDonald argues that Harris's deposition testimony constitutes a ratification in judicio of the contract.

"Ratification may be made as to either the act of an agent in excess of his or her authority or the act of one who purports to be an agent but is really not."[8] As a general rule, the principal must intend to ratify the act in question in order to have an effective ratification.[9] "One of the most unequivocal methods of showing a ratification of an agent's unauthorized act is by bringing an action or basing a defense on the unauthorized act with full knowledge of the material facts."[10] Clearly, Harris has not done that. Instead, he based his defense in this case on the undisputed claim that he did *not* authorize Whipple to act in his behalf when she signed his name to the contract. Therefore, although whether a ratification occurred is generally a question of fact for the jury,[11] the trial court did not err in ruling that as a matter of law no ratification occurred here.

3. Finally, MacDonald contends that the trial court erred in not granting his motion for summary judgment as to Harris's counterclaim. We agree, as Harris's counterclaim was for libel of title, and the filing of a notice of lis pendens is a privileged communication that cannot provide the basis for such a claim.[12]

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 17, 2003 —
RECONSIDERATION DENIED JANUARY 12, 2004.

---

[8] (Footnote omitted.) 3 AmJur2d, Agency, § 176, p. 570 (2002).

[9] See id. at § 183, p. 575; compare *Kelley v. Carolina Life Ins. Co.*, 48 Ga. App. 106 (171 SE 847) (1933) (unauthorized act or transaction by agent in excess of his authority becomes binding and obligatory upon principal if the latter, with knowledge of facts, receives and retains benefit thereof, since acceptance of benefit amounts to implied ratification of such act, whether principal intends to ratify it or not).

[10] (Footnotes omitted.) AmJur2d, supra at § 189, pp. 581-582.

[11] *Rains v. Dolphin Mtg. Corp.*, 241 Ga. App. 611, 614-615 (4) (525 SE2d 370) (1999).

[12] See *Sanders v. Brown*, 257 Ga. App. 566, 567-568 (571 SE2d 532) (2002).

*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider, Louis P. Owens III*, for appellant.
*Jason & Bradley, Daniel C. Jason*, for appellee.