## A04A0301. MacDONALD v. HARRIS.
(597 SE2d 125)

PHIPPS, Judge.

David MacDonald sued Willie Carl Harris for specific perfor-mance of a real estate sales contract. The trial court granted sum-mary judgment to Harris on MacDonald's complaint. MacDonald appealed the grant of summary judgment in *MacDonald v. Harris*.[1] Shortly after filing the notice of appeal, Harris filed a motion for attorney fees under OCGA § 9-15-14. We later affirmed the judgment in *MacDonald v. Harris*.[2] MacDonald now appeals the trial court's order awarding attorney fees to Harris. Because the trial court neither held a hearing on the attorney fee request nor entered findings in support of the award, we vacate and remand for further proceedings.

The contract sued on identified MacDonald as the purchaser of the real estate and Harris and his sister Jo Ann Whipple as the sellers. Whipple was the sole, beneficial owner of the property; and she placed title in Harris's name, as well as her own, only to avoid probate when she died. Whipple agreed to sell the property to MacDonald. Although she forged Harris's signature on the sales contract, she led MacDonald to believe either that Harris's signature was genuine or that she was authorized to sign for him. Before MacDonald brought this suit, Whipple tried to refund his earnest money on grounds that she had listed the subject property as an asset in bankruptcy proceedings. After refusing the tender, MacDonald brought this action against Harris. The bankruptcy court later held the sales contract between Whipple and MacDonald to have been void. But, on appeal, the federal district court concluded that the sales contract was only voidable and remanded the case to the bankruptcy court for further proceedings.

In reliance on affidavits in which Harris and Whipple swore that Whipple had signed Harris's signature on the sales contract without his knowledge or consent, Harris asked MacDonald to dismiss the action. But when Harris filed an untimely answer to MacDonald's complaint, MacDonald sought a default judgment. After the trial court allowed Harris to open the default, discovery was undertaken. In his deposition, Harris admitted that he would have given his consent to Whipple's sale of the property to MacDonald if she had asked because he did not feel as though he had standing to object. Based on this testimony, MacDonald argued that Harris had ratified

[1] 265 Ga. App. 131 (593 SE2d 32) (2004).
[2] Supra.

the contract through his admissions in judicio. Although there was no legal authority directly on point, we rejected that argument and affirmed the trial court's grant of summary judgment to Harris on MacDonald's complaint.

Harris moved for a $9,450 attorney fee award against Mac-Donald under OCGA § 9-15-14 (a) and (b). Although MacDonald opposed the motion, the trial court entered an order awarding Harris $8,866.25 in attorney fees against MacDonald under OCGA § 9-15-14 (b). But the court neither conducted a hearing nor included in the order any findings of fact supporting the award. For these reasons, the award must be vacated.

OCGA § 9-15-14 (b) permits a trial court to award attorney fees if it finds (1) that an attorney or party brought or defended an action, or part of an action, that lacked substantial justification; or (2) that the action, or part of it, was interposed for delay or harassment; or (3) that an attorney or party unnecessarily expanded the proceedings by other improper conduct. The statute defines "lacked substantial justification" as, "substantially frivolous, substantially groundless, or substantially vexatious."[3]

"Because an award of attorney fees and expenses of litigation is discretionary under subsection (b), the standard of review by an appellate court is whether the trial court abused its discretion in making the award."[4] But "[a] hearing *is* required in order to enter an award of attorney fees. [Cit.]"[5] Although a party may waive the right to a hearing on a motion for attorney fees, a timely objection to the motion is sufficient to preclude a waiver.[6] Moreover, "[t]he law is clear that findings of fact are required when a trial court grants an award of attorney fees. [Cits.]"[7] In such findings, the court must specify the conduct upon which the award is made.[8] Where the trial court fails to hold a required hearing on a motion for attorney fees, or fails to support the award with requisite findings, our normal procedure is to vacate the award and remand for further proceedings.[9]

---

[3] (Footnotes omitted.) *DeKalb County v. Adams*, 263 Ga. App. 201, 203 (587 SE2d 302) (2003).

[4] (Footnote omitted.) *Eldridge v. Ireland*, 259 Ga. App. 44, 47 (2) (576 SE2d 44) (2002).

[5] (Emphasis in original.) *Evers v. Evers*, 277 Ga. 132 (1) (587 SE2d 22) (2003).

[6] See *Munoz v. American Lawyer Media*, 236 Ga. App. 462, 467 (3) (a) (512 SE2d 347) (1999).

[7] *Bellah v. Peterson*, 259 Ga. App. 182, 183 (2) (576 SE2d 585) (2003).

[8] *DeKalb County v. Adams*, supra.

[9] See *DeKalb County v. Adams*, supra; *Munoz v. American Lawyer Media*, supra.

MacDonald argues that the attorney fee award should be reversed rather than vacated because through this litigation he developed a colorable claim that Harris had ratified the sales contract. Although that argument may have merit, the trial court nonetheless might be authorized to find part or all of this suit to be lacking in justification based on an invalidation of the underlying sales contract in Whipple's bankruptcy proceeding. Therefore, the award is vacated and the case remanded for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 20, 2004 —
RECONSIDERATION DENIED MARCH 16, 2004.

*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider, Louis P. Owens III*, for appellant.

*Jason & Bradley, Daniel C. Jason*, for appellee.