A05A0481. MACDONALD v. WHIPPLE.
(615 SE2d 150)

MILLER, Judge.

David MacDonald sued Jo Ann Whipple to enforce a contract to purchase real estate. Although the property in question was co-owned by Whipple and her brother, Whipple forged her brother's signature on the sales contract in her attempt to sell the entire property to MacDonald. The trial court found that the contract was unenforceable and accordingly granted summary judgment to Whipple on MacDonald's claim to enforce it. MacDonald claims that this ruling

---

was erroneous and that summary judgment should have instead been granted in his favor. We disagree and affirm.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the relevant evidence reveals that Whipple owned a 50 percent interest in certain property, with her brother owning the other 50 percent. MacDonald agreed to buy the entire property with knowledge of this co-ownership. MacDonald made no attempt to contact Whipple's brother, and only dealt with Whipple during the course of the purported sale. When MacDonald signed a sales contract that was intended to convey the entire property to him, both Whipple's signature as well as what appeared to be the signature of her brother had already been affixed to the sales contract. Although MacDonald did not know it at the time, Whipple had forged her brother's signature on the sales contract without his knowledge. See *MacDonald v. Harris*, 265 Ga. App. 131, 133 (2) (593 SE2d 32) (2004) (affirming grant of summary judgment to Whipple's brother on MacDonald's claim to enforce same real estate sales contract at issue in this case because the brother had not ratified the agreement).

MacDonald sued Whipple, seeking specific performance of the sales contract and damages. Both MacDonald and Whipple moved for summary judgment. Finding that the sales contract was unenforceable, the trial court granted summary judgment to Whipple. MacDonald appeals.

1. MacDonald argues that the trial court erred in granting summary judgment to Whipple. We disagree.

The intent of the parties determines whether a contract is complete or incomplete. *Turnipseed v. Jaje*, 267 Ga. 320, 324 (3) (477 SE2d 101) (1996). "When the intent is manifest that the contract is to be executed by others than those who actually signed it, it is inchoate and incomplete, and does not take effect as a valid and binding contract." (Citation and punctuation omitted.) *Harris v. Distinctive Builders*, 249 Ga. App. 686, 689 (1) (549 SE2d 496) (2001). Here,

> [p]ursuant to the contract, [MacDonald] was to purchase the [property at issue] from all of the owners for [$20,000]. That sum was to be paid to the owners as a group. Thus, the contract itself contemplates that all of the owners would sell their interests in the property. Nothing in the contract

indicates that [MacDonald] intended to purchase the individual interests of the sellers, or that the sellers intended to sell their interests individually.

(Citation omitted.) *Turnipseed*, supra, 267 Ga. at 324-325 (3).

It is undisputed that Whipple's brother did not sign the contract and that Whipple had no authority to do so on his behalf. See *MacDonald*, supra, 265 Ga. App. at 133 (2). MacDonald could not purchase the property at issue without both Whipple and her brother's genuine signatures on the contract. Without the valid signature of Whipple's brother, the contract here was incomplete and unenforceable as a matter of law. See *Turnipseed*, supra, 267 Ga. at 325 (3). The trial court therefore properly granted summary judgment to Whipple on MacDonald's claim to enforce the contract in any manner.

2. In light of our holding in Division 1, MacDonald's remaining arguments are moot.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 9, 2005 —
RECONSIDERATION DENIED MAY 24, 2005 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider, Louis P. Owens III*, for appellant.

*Jason & Bradley, Daniel C. Jason*, for appellee.