## A05A1859, A05A1860. PEACH CONSOLIDATED PROPERTIES, LLC v. CARTER et al.; and vice versa.

(628 SE2d 680)

BERNES, Judge.

After a real estate transaction unraveled, Peach Consolidated Properties, LLC ("Peach Consolidated"), the would-be purchaser, filed suit against several members of the Carter family: Charles B. Carter, H. Leroy Carter, Lois C. Carter, Freda C. Wallentine, and Mark H. Wallentine (collectively, the "Carter Family"). Plaintiff sued H. Leroy Carter individually and as executor of the estate of Alma L. Carter. Both of the Wallentines were sued individually and as co-trustees of the Lois C. Carter Irrevocable Trust (the "Trust"). Peach Consolidated sought specific performance of the real estate sale and purchase agreement, or, in the alternative, damages. A bench trial in the Superior Court of Houston County resulted in a judgment for the Carter Family. In Case No. A05A1859, Peach Consolidated contends that the trial court erred (1) in finding that the absence of the co-trustee's signature rendered the entire purchase and sale agreement void and unenforceable; and (2) in not granting specific performance as to those tracts of land in which the trust held no interest. In Case No. A05A1860, the Carter Family in their individual and representative capacities filed a cross-appeal. They contend that the trial court erred (1) in denying their motion for directed verdict/involuntary dismissal after finding that Peach Consolidated presented sufficient evidence of the value of the land at issue to warrant specific performance, and (2) in finding that the Carter Family was not fraudulently induced into entering into the purchase and sale agreement. For the reasons that follow, we affirm in Case No. A05A1859 and dismiss as moot the appeal in Case No. A05A1860.

While the parties and their relative interests in the property and the underlying transaction in this case are complex, the relevant facts are quite simple. Peach Consolidated entered into an agreement with certain members of the Carter Family to purchase a tract of land (the "Purchase and Sale Agreement"). The tract consisted of six separate but adjoining parcels of varying acreage and varying ownership interests held by individual members of the Carter Family, the estate of Alma C. Carter, and the Trust, or a combination thereof. The Trust held an undivided one-fifth interest in two of the six parcels. Freda C. Wallentine and Mark H. Wallentine were designated as co-trustees of the Trust.

The Purchase and Sale Agreement was negotiated between Peach Consolidated and Charles and Leroy Carter, on behalf of certain members of the Carter Family. While Mark Wallentine was aware that a sale of the property was being negotiated, he was not party to the negotiations, nor did he ever consent to the sale.

Significantly, although the Trust owned a one-fifth interest in two parcels of the property, the Purchase and Sale Agreement failed to name the Trust or co-trustee Mark Wallentine as a seller. Furthermore, although the Purchase and Sale Agreement named Freda Wallentine as a seller, it failed to indicate that Freda Wallentine was signing the document in her capacity as co-trustee of the Trust.

Ultimately, after having signed the Purchase and Sale Agreement, Charles B. Carter, H. Leroy Carter, Lois C. Carter, and Freda C. Wallentine refused to execute the closing documents.[1] Mark Wallentine, as co-trustee of the Trust, refused to sign the Purchase and Sale Agreement.

Peach Consolidated filed suit, seeking specific performance to enforce the Purchase and Sale Agreement, or, in the alternative, damages. The trial court denied the relief sought in Peach Consolidated's complaint, finding that: (1) the agreement was void due to the absence of the co-trustee's signature to the document, and (2) the agreement was not a severable contract.

> On appeal from a bench trial, we do not retry the case. Rather, the appellate standard of review for nonjury trials of disputed material facts is the clearly erroneous test, also known as the "any evidence" rule. As such, the sole question for determination on appeal is whether there is any evidence to authorize the trial court's judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. This is true regardless of whether evidence also existed that may have supported the appellant's position. In the absence of legal error, an appellate court is without jurisdiction to interfere with a judgment supported by some evidence.

(Citation and punctuation omitted.) *Sledge v. Peach County*, 276 Ga. App. 780, 781-782 (624 SE2d 288) (2005). Likewise, "[t]he plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact." (Citation and punctuation omitted.) *Crowell v. Williams*, 273 Ga. App. 676 (1) (615 SE2d 797) (2005).

---

[1] The Carter Family contended they had been misled as to the identity of the purchaser, who was a business competitor of certain members of the Carter Family. The property was being purchased for use in the competitor's business.

## Case No. A05A1859

1. Peach Consolidated contends that the trial court erred in finding that the absence of the co-trustee's signature rendered the entire purchase and sale agreement void and unenforceable. We disagree.

"A trust is an equitable obligation, either express or implied, resting upon a person by reason of a confidence reposed in him, to apply or deal with property for the benefit of some other person, or for the benefit of himself and another or others, according to such confidence." (Citation and punctuation omitted.) *Smith v. Francis*, 221 Ga. 260, 267 (4) (b) (144 SE2d 439) (1965). Georgia law mandates that, unless a trust instrument provides otherwise, the authority of co-trustees to act on behalf of a trust may be exercised only by their unanimous vote. OCGA § 53-12-172 (1). Here, nothing in the irrevocable trust instrument provides for authority to act contrary to the provisions of OCGA § 53-12-172 (1).

It is undisputed that: (1) the Trust held an undivided one-fifth interest in two of the parcels that comprised the tract; and (2) only one of the two co-trustees signed the Purchase and Sale Agreement. In the absence of Mark Wallentine's signature on the contract, the two parcels in which the Trust held an undivided one-fifth interest could not be sold to Peach Consolidated as a matter of law. See OCGA § 53-12-172 (1); *MacDonald v. Whipple*, 273 Ga. App. 409, 410-411 (1) (615 SE2d 150) (2005).

*Johnson v. Sackett*, 256 Ga. 552, 554 (2) (353 SE2d 326) (1986), upon which Peach Consolidated relies, is inapposite. It involved co-tenants, not co-trustees, and the Court made no determination on the issue of specific performance. *Harris v. Distinctive Builders*, 249 Ga. App. 686 (549 SE2d 496) (2001), also cited by Peach Consolidated, is not inconsistent with our holding. In *Harris*, this Court voided a land sale based on the fact that the co-trustee had not signed the contract. We held that a document signed contemporaneously with the contract expressed an intent that the sale was to be conditioned upon the signature of the co-trustee. We did not mention nor reach the issue of whether, under the terms of that trust, OCGA § 53-12-172 (1) would require the same result.

Peach Consolidated also asserts that Mark Wallentine is precluded from asserting that the contract is unenforceable under the doctrine of estoppel by silence. Estoppel by silence applies "where silence amounts to constructive fraud through the acts or omissions of the party under a duty to speak." (Citations omitted.) *Tench v. Galaxy Appliance &c.*, 255 Ga. App. 829, 834 (3) (d) (567 SE2d 53) (2002). "Mere silence will not work an estoppel. The 'standing by'

must be under such circumstances as not only to afford an opportunity to speak, but also to create a real or apparent duty to speak." (Citation and punctuation omitted.) *Dodson v. Kern,* 136 Ga. App. 522, 527 (221 SE2d 693) (1975).

In this case, the evidence supported the trial court's conclusion that, although Mark Wallentine was aware of the contract negotiations, he did not have a duty to speak during the negotiations of the Purchase and Sale Agreement. See *Dodson,* 136 Ga. App. at 527. This holding is supported by the trial court's findings that Mr. Wallentine had no direct involvement in the contract negotiations, he had not been approached by anyone to sign the agreement, and, indeed, he was entirely unaware that his signature was necessary to convey the trust property. Under these circumstances, the evidence shows that Mr. Wallentine had no opportunity or duty to speak and thus, he is not now precluded from objecting to the sale of the trust property. Id.

Finally, Peach Consolidated's arguments related to apparent authority and ratification were not raised nor ruled upon by the trial court and are thus deemed waived. *Community Bank v. Handy Auto Parts,* 270 Ga. App. 640, 642-643 (1) (607 SE2d 241) (2004) (this Court will not consider arguments that are asserted for the first time on appeal).

2. Peach Consolidated contends that the trial court erred by not severing the Trust's two parcels from the Purchase and Sale Agreement and ordering specific performance for the sale of the remaining four parcels.

"If the contract is severable, the invalid provision does not render other provisions of the contract void, but a contract in the entirety is unenforceable if any part is void." (Citations omitted.) *Farmer v. Argenta,* 174 Ga. App. 682, 684 (331 SE2d 60) (1985). The issue of severability is determined by the intent of the parties, as evidenced by the terms of the agreement. Id. "If it appears that the contract was to take the whole or none, then the contract would be entire." (Citations and punctuation omitted.) *Horne v. Drachman,* 247 Ga. 802, 805-806 (2) (280 SE2d 338) (1981).

The trial court determined that the parties did not intend for the contract to be severable, specifically relying upon its findings that: (1) all of the sellers signed a single contract; (2) the property was referred to as "the Carter Property"; (3) the purchase price was to be paid in one sum, not in proportion to the ownership interests of the sellers; and (4) some family members pressured the others "in order to seal the deal — thereby evidencing that the property was to be sold as a 'whole.'" The trial court further noted that "dividing up the property would likely affect the fair market value and marketability of the remaining parcels, since they could later be surrounded by a cemetery on three sides." On this basis, the court concluded that the

Purchase and Sale Agreement "is an entire contract and is now void in its entirety due to the failure of a co-trustee to sign."

We find that the record supports the trial court's determination that the parties intended for the contract to be entire. See *Farmer*, 174 Ga. App. at 684. Therefore, the trial court did not abuse its sound discretion in refusing to direct specific performance by severing the Trust property from the Purchase and Sale Agreement. Id. See also *Hutson v. Young*, 255 Ga. App. 169, 173 (564 SE2d 780) (2002) (recognizing that "whether or not specific performance is appropriate in a specific case is a matter in the sound discretion of the [trial] court judge as equitable and just") (citations omitted).

Accordingly, we affirm the trial court's holding in Case No. A05A1859.

### Case No. A05A1860

The cross-appeal in Case No. A05A1860 is rendered moot in light of the affirmance of Case No. A05A1859 and is therefore dismissed.

*Judgment affirmed in Case No. A05A1859. Appeal dismissed as moot in Case No. A05A1860. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 16, 2006.

*Adams, Jordan & Treadwell, Marc T. Treadwell, Varner & Adams, G. E. Bo Adams*, for appellant.

*Almand & Wiggins, O. Hale Almand, Jr., Hope L. Martin*, for appellees.