## A09A0413. BROWN v. GADSON.

(680 SE2d 682)

PHIPPS, Judge.

In the second appearance of this case before this Court,[1] Delores Brown contends that the trial court erred in awarding attorney fees to Gregory Gadson pursuant to OCGA § 9-15-14 (b). We agree with Brown and reverse.

In 2006, Brown filed an action to establish Gregory Gadson's paternity of her child and seeking child support from Gadson for the child. Before the child was conceived, the parties had entered into a written agreement in Florida, pursuant to which Gadson had provided Brown with semen for artificial insemination. That agreement stipulated that Gadson would have no parental rights to any resulting child and no legal obligations for such child.

Citing the agreement, Gadson moved to dismiss Brown's action against him. In response, Brown presented authority for the proposition that, in Georgia, the right to child support belongs to the child and cannot be waived by agreement of the parents.[2] The trial court granted Gadson's motion to dismiss, holding that the agreement between Brown and Gadson was enforceable. Brown moved the court to set aside its dismissal. Before the court ruled on this motion, Gadson moved for attorney fees pursuant to OCGA § 9-15-14, asserting that Brown's action to establish paternity and seeking child support had failed to present "any justiciable issue of law or fact." The court then denied Brown's motion to set aside the dismissal, and Brown sought discretionary appellate review of the denial.

In *Brown I*, we affirmed the denial of Brown's motion to set aside the dismissal.[3] The trial court then granted Gadson's motion for attorney fees on the ground that Brown's action against him for a paternity determination and child support "lacked substantial

---

[1] See *Brown v. Gadson*, 288 Ga. App. 323 (654 SE2d 179) (2007) (hereinafter *"Brown I"*).

[2] See, e.g., *Worthington v. Worthington*, 250 Ga. 730, 731 (1) (301 SE2d 44) (1983); *Dept. of Human Resources v. Mitchell*, 232 Ga. App. 215, 216-217 (1) (501 SE2d 508) (1998).

[3] Supra.

justification."[4] We granted Brown's application for discretionary review of the award of attorney fees.

Under OCGA § 9-15-14 (b), a court may award attorney fees if it "finds that an attorney or party brought . . . an action, or any part thereof, that lacked substantial justification." An action lacks substantial justification if it is "substantially frivolous, substantially groundless, or substantially vexatious."[5] We review an award of attorney fees under this section for abuse of discretion.[6]

"[A] trial court is required to make express findings of fact and conclusions of law as to the statutory basis for an award of attorney fees under OCGA § 9-15-14,"[7] and "[i]n such findings, the court must specify the conduct upon which the award is made."[8] Here, the court based its award of attorney fees to Gadson upon Brown's act of filing an action that was determined to be precluded by an enforceable agreement between the parties. In support of this award, the court cited its earlier determination, affirmed on appeal, that the parties' agreement was enforceable.

In *DeKalb County v. Adams*,[9] we held that a party's legal argument did not lack substantial justification even though the party did not prevail, where "there was no controlling authority directly on point and . . . [the party] cited authority that arguably supported its position."[10] Brown's claims for a paternity ruling and for child support likewise did not lack substantial justification, even though Brown did not prevail on her argument. Both the trial court and this Court recognized that there was no controlling authority directly on the question of the agreement's enforceability. In its order dismissing the claims, the trial court noted that "Georgia law ha[d] not specifically addressed the issue of artificial insemination contracts." And in *Brown I*, we noted that "Georgia's statutes neither provide for nor contemplate the circumstances of this case."[11] We also acknowledged in *Brown I* that Brown's action against Gadson presented "the fundamental question of whether the Florida agreement of the parties [was] enforceable in Georgia as not contrary to public policy,"[12] and we analyzed Georgia's public policy before

---

[4] See OCGA § 9-15-14 (b).

[5] Id.

[6] *Bankhead v. Moss*, 210 Ga. App. 508, 509 (1) (436 SE2d 723) (1993).

[7] *Gilchrist v. Gilchrist*, 287 Ga. App. 133 (1) (650 SE2d 795) (2007) (citations and punctuation omitted).

[8] *MacDonald v. Harris*, 266 Ga. App. 287, 288 (597 SE2d 125) (2004) (footnote omitted).

[9] 263 Ga. App. 201 (587 SE2d 302) (2003).

[10] Id. at 203-204 (footnote omitted).

[11] Supra at 324 (1), n. 2.

[12] Id. at 324 (citations omitted).

concluding that the agreement was enforceable.[13] In her action against Gadson, Brown cited authority that arguably supported a different conclusion on the public policy question, specifically Georgia authority precluding parents from waiving by agreement a child's right to support.

Under these circumstances, Brown's act of bringing claims against Gadson contrary to the terms of their agreement was not substantially frivolous, substantially groundless, or substantially vexatious and could not, by itself, support a fee award under OCGA § 9-15-14 (b). The trial court thus abused its discretion in granting Gadson's motion for attorney fees pursuant to that Code section.

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

## DECIDED JULY 1, 2009.

*Divida Gude*, for appellant.
*Constance M. Daise*, for appellee.