Hodges, Judge, dissenting.
The majority's holding permits a nursing home to deprive a party of his day in court despite the absence of an enforceable arbitration agreement. Consequently, I respectfully dissent.
*567 As the party seeking to compel arbitration, PruittHealth must "prov[e] the existence of a valid and enforceable agreement to arbitrate," which "is generally governed by state law principles of contract formation." (Citation omitted.) United Health Svcs. of Ga. v. Alexander , 342 Ga. App. 1, 2 (2), 802 S.E.2d 314 (2017). For over a century, Georgia courts have held that if a contract calls for signatures, it is not complete unless signed. See, e.g., Clarke Bros. v. McNatt , 132 Ga. 610, 614, 64 S.E. 795 (1909) ("If a contract is intended to be signed by both parties, and so appears on its face, it is not complete until thus signed.") (citation omitted); MAPEI Corp. v. Prosser , 328 Ga. App. 81, 84 (2) (a), 761 S.E.2d 500 (2014) ("A contract that is intended to be signed by both parties, and so appears on its face, is complete when thus signed.").[1]
Under Clark Brothers and MAPEI Corp. , the Agreement is incomplete because it calls for signatures, and PruittHealth never signed it. The Agreement contains a signature block for PruittHealth, which PruittHealth did not sign. It also contains a checklist directing PruittHealth to "[s]ecure appropriate signatures" and to "[h]ave ... two (2) healthcare center/agency witnesses execute the contract." PruittHealth did neither of those things. The Agreement even misidentifies the person signing on behalf of Editha Aaron.
The Agreement is unenforceable because it lacks mutual assent. Mutual assent is an element of any valid contract, and a contract lacking mutual assent is unenforceable. OCGA § 13-3-1 ; TranSouth Financial Corp. v. Rooks , 269 Ga. App. 321, 324 (1), 604 S.E.2d 562 (2004). Due to PruittHealth's failure to execute the Agreement, and Stacy's revocation of his assent on behalf of Editha Aaron, as indicated by the filing of a lawsuit, the Agreement was unenforceable when PruittHealth sought to compel arbitration. By then, there was nothing for PruittHealth *446 to assent to and thus no meeting of the minds. See Graham v. HHC St. Simons, Inc. , 322 Ga. App. 693, 697 (2), 746 S.E.2d 157 (2013) ("[I]t is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time....").
The majority misses the point by arguing that PruittHealth "sought to enforce the Agreement at its first available opportunity."
*568 By the time PruittHealth attempted to enforce the Agreement, it was too late. Partial performance of a contract to which the other party has already withdrawn assent cannot revive an unenforceable agreement.
Because the majority enforces an unenforceable arbitration agreement, I respectfully dissent.

See also Turnipseed v. Jaje , 267 Ga. 320, 324 (2) (b), 477 S.E.2d 101 (1996) (holding that a sales contract signed by only one of three owners is incomplete); MacDonald v. Whipple , 273 Ga. App. 409, 410 (1), 615 S.E.2d 150 (2005) (holding that a contract that is not signed by the proper party is "incomplete and unenforceable as a matter of law"); TranSouth Financial Corp. v. Rooks , 269 Ga. App. 321, 324 (1), 604 S.E.2d 562 (2004) (holding an arbitration clause unenforceable for lack of signatures); Paradies Shops, Inc. v. First American Commercial Bancorp, Inc. , No. 1:05-CV-00490-JEC, 2005 WL 8155217, at *2 (N.D. Ga. Nov. 21, 2005) (denying motion to compel arbitration, noting that "[n]o signature usually means no agreement.").